BROOKHAVEN LUMBER & MFG. CO. *v.* ADAMS.

Division A. July 2, 1923. Suggestion of Error Overruled July 19, 1923.
[97 South. 484. No. 23299.]

1. COURTS. *Decision of judge as to legality of place designated for holding court other than the regular courthouse not open to collateral attack.*

   The first duty of a judge of a court when called on to hold a term of the court in a place other than the regular courthouse is to decide whether or not such place has been lawfully designated as the place therefor in accordance with section 325, Code 1906, Hemingway's Code, section 3698, and his decision that it has been so designated is final and is not open to collateral attack by litigants in cases thereafter there tried.

2. APPEAL AND ERROR. *Judgment not reversed because of admission of incompetent evidence unless complaining party prejudiced.*

   A judgment will not be reversed because of the admission of incompetent evidence when the complaining party was not prejudiced thereby.

3. PARENT AND CHILD. *Right of parent to compensation for minor child's injury waived where father as next friend obtains damages therefor.*

   The right of the parents of a minor injured by the negligence of

132 Miss.—44.

another for compensation for the minor's reduced earning capacity during his minority is waived, where the father as next friend of the minor and for his benefit sues for and obtains damages therefor from the person causing the injury.

4. APPEAL AND ERROR. *Refusal to permit defendant to ask plaintiff, when testifying in own behalf in personal injury suit, if he would agree to examination by physician who treated him, held not prejudicial.*

No harm can result to the defendant in a personal injury suit by the refusal of the court to permit him to ask the plaintiff, when testifying in his own behalf, whether he would agree that a physician who treated him might be introduced as a witness and testify as to his injuries.

5. CONSTITUTIONAL LAW. *Witnesses. Plaintiff's witness offered by defendant in personal injury suit incompetent, although another physician had testified for plaintiff; application of statute as to privileged communications not denial of equal protection or due process.*

Under section 3695, Code 1906, Hemingway's Code, section 6380, a physician is incompetent to testify to facts which come to his knowledge by virtue of his being employed by a patient as a physician, and the patient does not waive the privilege because he introduced as a witness in a personal injury suit another physician who testified for the patient as to the same facts. And to so apply the statute does not deprive the defendant of either due process, or equal protection, of the law.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Suit by Jim Adams, Sr., against the Brookhaven Lumber & Manufacturing Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*Stevens & Heidelberg,* for appellant.

The judgment appealed from and all proceedings had on the trial of this cause, were utterly null and void because the pretended court was not sitting at the place designated by law for the holding of circuit court in Forrest county, Mississippi.

Section 325 of the Mississippi Code of 1906 provides the method of designating some building other than the courthouse as a place for the holding of court at a time when the courthouse is undergoing repairs or becomes unfit for use.   Did the board of supervisors of Forrest county ever legally designate the Red Circle building as the place for holding court in that county?   Section 298 of the Code of 1906 provides the method for holding both special and adjourned meetings of the board of super-visors.

*Smith* v. *Nelson,* 57 Miss. 138, held that prior to the enactment of section 298 of the Code of 1906, the law did not authorize the board of supervisors to adjourn until a later date, and their attempted adjournment amounted to nothing and all proceedings had by the board of super-visors at the adjourned meeting were utterly null and void.   See also *Jones* v. *Burford,* 26 Miss. 194; *Wolfe* v. *Murphy,* 60 Miss. 1; *Johnson* v. *Futch,* 57 Miss. 73; *Crump* v. *Board of Supervisors Colfax County,* 52 Miss. 107.

The mere fact that the solemn records of this county are made to state that that has been done which in fact has not been done, constitutes in law a fraud.   *Richard-son* v. *Brooks,* 52 Miss. 118; *Christian* v. *O'Neal,* 46 Miss. 669; *Plummer* v. *Plummer,* 37 Miss. 185; *McCraney* v. *New Orleans & North Eastern Railroad Company,* 128 Miss. 248.   *Patton* v. *State,* 49 So. 809, (Ala.) held that a conviction before a court held at an unauthorized place, is void.   See also *Kidd* v. *Burke,* 38 So. 241; *Arbour* v. *Yazoo & Mississippi Valley Railroad Co.,* 98 Miss. 714; *McLeod Lumber Company* v. *Steverson,* 81 So. 788; *Eichoff* v. *Caldwell,* 151 Pac. 860, L. R. A. (N. S.) 1917 E, (Okla.).

Allegation of declaration and proof in support thereof that after the accident the appellee removed the collar and made the place where the plaintiff was hurt safer, was inadmissible.   *Nashville C. & St. L. Railway* v. *Ragan* (Ala.), 52 So. 522; *Morse* v. *Minneapolis Railroad,* 30 Minn. 465; *Adams* v. *Crim.* (Ala.), 58 So. 442; *Dougan* v.

*Champlain Transportation Company,* 56 New York, 1; *Sewell* v. *Cohoes,* 11 Hun. 626; *Baird* v. *Daly,* 68 New York, 547; *Payne* v. *Troy & Boston Railroad Company,* 9 Hun. 526; *Salters* v. *D. H. C. Company,* 3 Hun. 338; *Dale* v. *Delaware, Lackawanna & W. Railroad Co.,* 73 New York, 468.

Our investigation of this subject convinces us that the great and overwhelming weight of authority in this country excludes this character of testimony and holds it to be incompetent for any reason whatsoever.

Permitting the plaintiff to recover for loss of wages during his minority, was error. It is too well settled to admit of argument, in this state, that the parents of minor children are entitled to their services and their wages until they reach their majority. *Hines* v. *Moore,* 87 So. 1.

On the trial of this case Dr. Jackson, an alleged expert, was permitted to testify for the plaintiff as to certain conditions which he found from an examination of the plaintiff. The defendant offered the only doctor who treated the plaintiff, one Dr. Mounger, and he was not permitted to testify, even though his testimony was offered with the statement that if the plaintiff was permitted to introduce this character of testimony, and the same right was denied to the defendant, that the defendant would have been denied the equal protection of the laws and that this would be in violation of the due process clause of the Federal Constitution. *Yazoo, etc., Railroad Co.* v. *Wallace,* 90 Miss. 609; *Mississippi Eastern Railway Company* v. *Wymond Cooperage Company,* 46 So. 557, 93 Miss. 73.

*Cephas Anderson* and *Tally & Mason,* for appellee.

The place for holding the court was properly and legally selected and the court was a court *de jure* in every sense of the word. Since section 570 of Hemingway's Code has amplified the things which the circuit court may do

in vacation, by consent of the parties, we contend that counsel for each side in the trial of a civil case has the power to waive both the time and place of the sitting of the court to try civil cases, and since the undisputed testimony in this record shows that counsel for appellant both knew where the court was being held and appeared there with their client and witnesses, and announced ready for trial, and entered no objection or protest, either written or oral, the point was waived.

With reference to the allegation in the declaration and proof taken thereon, as to the fact that the defendant immediately cut the end of the shaft off and removed the collar and set screw during the night following the injury of plaintiff, we have always understood that it is not objectionable to plead any fact that you are allowed under the law to prove, and we think the authority, as laid down by this court in the case of *Sea-Food Company* v. *Alves,* 117 Miss. 1, clearly authorized and justified the pleading and proof in this case.

Dr. Mounger was the appellee's attending physician, and the information sought to be elicited from him was gained by his being appellee's attending physician, and the trial court promptly informed counsel that he would permit him to introduce any physician as an expert if he so desired, but he would not permit him to introduce the testimony of appellee's attending physician over the objection of appellee. *U. S. Fidelity and Guaranty Company* v. *Hood,* 124 Miss. 548; *Williams* v. *Newman Lumber Company,* 92 So. 561.

The verdict of the jury was not excessive. The uncontradicted proof in the case shows that his injury was received as the result of gross negligence; that his left arm was broken in two places between the elbow and the shoulder; that his shoulder was either jerked out of place or the cap of the bone broken, so that at the time of the trial his left arm could not be raised any higher than the level of his shoulder; that he had been whirled around

and around with a shaft revolving 375 revolutions to the minute, through a space between the shaft and the floor, not more than fifteen inches wide, that the blood was flowing from his ears, that the set-screw had, in winding his clothes off his body, torn a hole in his side, broken one rib, and in doubling him under the shaft had injured his spine and left him a cripple for life. *Brooks* v. *Oil Company,* 100 Miss. 849, clearly and righteously laid down the doctrine of this court with reference to set screw cases, following 4 Thompson on Negligence, sections 4021-3.

Argued orally by *R. W. Heidelberg* for appellant and *John R. Tally* and *Cephas Anderson* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is a suit by Jim Adams, Sr., the father of and as next friend of his minor son, Jim Adams, Jr., against the appellant to recover damages for an injury sustained by Adams, Jr., who will hereafter be called the appellee, while in the appellant's employ, because of the appellant's alleged negligence, and from a judgment in favor of the appellee for ten thousand dollars, the appellant has appealed to this court.

The appellant owns and operates a sawmill and employed the appellee to work therein at a trimmer table. Under this trimmer table and extending seven and one-half inches beyond it was a rapidly revolving shaft. On the extension of the ,shaft beyond the table was an ex- posed set screw. Near this set screw was a lever which the appellee occasionally had to operate with his foot, and in so doing his leg would at times come in close proximity to the set screw, and on one occasion this screw became entangled in the appellee's clothing while he was, according to the evidence, in the exercise of due care and caused him to revolve around the shaft resulting in his

being, as the jury were warranted in believing, severely
and permanently injured. The appellee was treated by
one, and examined but not treated by another, physician.
The latter physician at his instance testified as to his
injuries. The appellant on objection by the appellee was
not permitted to prove by the other physician what his
examination and treatment of the appellee disclosed as
to his injuries.

A motion then made by the appellant to exclude the
testimony of the physician introduced by the appellee
was overruled. The appellee testified in his own behalf,
and while on the stand was asked by counsel for the appel-
lant if he was willing for the physician who treated him
to testify as to his injury, but on objection by his coun-
sel the court ruled that he need not answer the question.
Over the objection of the appellant, the appellee was per-
mitted to prove that after he was injured the appellant
cut off that part of the shaft which projected beyond the
trimmer table and put the set screw on the shaft at a place
where a person operating the lever would be in no danger
therefrom.

The term of court at which the cause was tried convened
regularly in the courthouse of the county, but thereafter
removed therefrom to a building near by, in which the
remainder of the session was held and in which this cause
was tried. In a motion for a new trial filed after the
judgment was rendered, the appellant alleges that the
judgment is void for the reason that the court when ren-
dering it was being held in a place not authorized by
law. It appears from the evidence introduced on this
motion that the courthouse was being repaired, and the
board of supervisors, while the court was in session, made
an order under section 325, Code of 1906; Hemingway's
Code, section 3698, designating another building for the
holding of the courts of the county until the repairs on the
regular courthouse should be completed, and it was in
this building that the judgment here in question was ren-

dered. On removing to this building and before entering upon the transaction of its business, the court below entered upon its minutes the following order:

"It appearing to the court that the regular courthouse of the county is at this time undergoing repairs and that the same is for that reason unfit at this time for the remainder of this term of this court; and it appearing to the court from the minutes of the board of supervisors of Forrest county that said board had provided and designated that building on Hemphill street in the city of Hattiesburg, and about four hundred feet from the regular courthouse and known as the Red Circle, for the holding of the remainder of this term of the court; and the business of the court and the public interest requiring that the remainder of the court be held—it is ordered and adjudged that the remainder of this term of court be held in said building so provided and designated."

The appellant introduced evidence to the effect, and we will assume for the purpose of the argument, that the order of the board of supervisors designating the building in which the court should be held is void, for the reason that it was made at a time when the board was without authority so to do.

The appellee lacked several months of being twenty-one years of age when his injury occurred, and the court below instructed the jury, in effect, to include in their verdict, if for the appellee, damages for his reduced earning capacity from the date of his injury. The appellee's father and mother are both living. He has been working for the appellant for several years, but to whom his wages were paid does not appear. His father testified as a witness in his behalf.

The assignments of error argued in the brief of counsel for the appellant are to the effect that the court below erred:

(1) In not holding that the judgment herein rendered is void for the reason that it was not rendered in a place at which the court was authorized to be held.

(2)   In permitting the introduction of evidence of the removal of the set screw by the appellant after the appellee was injured.

(3)   In permitting the appellee to recover for reduced earning capacity during his minority.

(4)   In not permitting the appellant to ask the appellee if he was willing for the physician who treated him to testify as a witness.

(5)   In not permitting the physician offered by the appellant to testify.

(6)   In not holding the verdict to be excessive.

1.   The first duty of the judge of a court, when called on to hold a term of the court in a place other than the regular courthouse, is to decide whether or not such place has been lawfully designated as the place therefor, and his decision that it has been so designated is final and is not open to collateral attack by each litigant in cases thereafter there tried.

2.   Whether the court erred or not in admitting the evidence of the removal of the set screw is wholly immaterial, for on the other evidence the negligence of the appellant in allowing the set screw to be where it was when the appellee was injured is clear.

3.   Assuming for the sake of the argument that ordinarily the right to compensation for the appellee's reduced earning capacity during his minority would be in his parents, that right was here necessarily waived, for his father, in whom the right primarily rests, brought this suit and obtained the judgment himself as the appellee's next friend.

4.   No harm was done the appellant by not permitting it to ask the appellee whether he would consent to the physician who treated him testifying as to his injuries. An affirmative answer would not have bound the appellee, and his consent could have been obtained from him as well when he was off, as when he was on, the witness stand.

5.   As ruled in *U. S. F. & G. Co.* v. *Hood*, 124 Miss. 548,

87 So. 115, 15 A. L. R. 605, and *Davis* v. *Elzey,* 126 Miss. 789, 88 So. 630, 89 So. 666, the physician offered as a witness by the appellant was incompetent, although another physician had testified for the appellee. And to so apply the statute does not, as claimed by the appellant, deprive the appellant either of due process or the equal protection of the law.

6. \ The verdict is not so excessive, if at all, as to justify our interfering with it.

*Affirmed.*