DYER *et al. v.* HOBERT.[*]

(Division B. May 21, 1928.)

[117 So. 244. No. 27184.]

*Corpus Juris-Cyc. References: Evidence, 22CJ, p. 573, n. 34; p. 732, n. 97; Trial, 38Cyc, p. 1395, n. 44; p. 1838, n. 2; As to competency of non-expert witness to testify to value of property, see 11 R. C. L. 638; 2 R. C. L. Supp. 1292; 7 R. C. L. Supp. 355.

*Crisler & Nicols,* for appellants.

*James W. Cassedy, Jr.,* for appellee.

ETHERIDGE, P. J. The appellee was plaintiff in the court below, and brought suit against the appellant for injury to her automobile, inflicted by a truck operated by the appellant in his business. The principal assignment of error goes to the insufficiency of evidence to sustain a verdict. The testimony is brief upon this point, and we quote therefrom as follows:

"Q. What damages was done to your daughter's car? A. The cost of the repairs to the car was seventy-two dollars and twenty-five cents.

"Q. What was the condition of this car before the wreck? A. First-class shape.

"Q. What did you pay for the car? (Objection; overruled; exception.) A. I think I gave Mr. Hines eight hundred dollars for it.

"Q. How long had your daughter had the car? A. I think I finished paying for it in May and I bought it on twelve months' time.

"Q. When did this wreck occur? A. On December 28th, I think.

"Q. Then she had the car a little over one year when the wreck occurred? A. Yes; she had it one year in May.

.  .  .  .  .  .  .  .  .

"Q. State whether there is any depreciation in the car as a result of the wreck? (Objection; overruled; exception.)

"Q. Well state if you know the amount of the depreciation? A. The car is worth at least three hundred fifty dollars less than it was before the accident.

.  .  .  .  .  .  .  .  .

"Q. What did it cost you to make the necessary repairs so that you could operate your car? A. I have all the bills here.

"Q. Is it all on one bill? A. No; there are four bills.

"Q. What is the total amount? A. I have them added on this one bill; the total is seventy-two dollars and twenty-five cents.

"Q. Seventy-two dollars and twenty-five cents is the amount you paid for necessary repairs? A. Yes.

.  .  .  .

"Q. You charged in your affidavit that Mr. Dyer was indebted to you in the sum of two hundred dollars; what is that claim based on? A. The condition of the car.

"Q. Now you say the actual damage to the car, the repairs amounted to seventy-two dollars and twenty-five cents? A. Yes; but the car isn't worth what it was before the accident occurred; it isn't in the same condition."

There was a verdict and judgment for two hundred dollars for the damages to the car, and it will be seen that the actual amount paid for repairs was seventy-two

dollars and twenty-five cents, but the testimony shows that the car, after being repaired, was not in as good condition as it was prior to the accident, and that it was worth three hundred fifty dollars less after the injury than it was before the injury.

It is argued that the testimony of appellee and her father is not sufficient to support a judgment for more than seventy-two dollars and twenty-five cents, because they were not experts in such matters. A question of damages in a suit like this is a question of differences in value of the car before and after the accident, and it does not require an expert's knowledge to give evidence of value.

The condition of the car in this case was testified to, and the opinion of witnesses as to depreciation or loss of value was given.

It is urged also that seventy-two dollars and twenty-five cents was merely evidenced by statements of account which have been paid for repair, and were not competent to prove that fact. This account was introduced in evidence without objection, and the jury were entitled to take all the facts introduced, and apply their common judgment and experience to the situation, and, from all of that, deduce their own opinion as to the depreciation or loss of value. In *Salter* v. *Jennings Furniture Co.*, 144 Miss. 194, 109 So. 704, this court, speaking through Judge ANDERSON, said:

"Many elements enter into the value of personal property. This is especially true of personal property that has not such a stable value as that its value is quoted daily in the markets of the country, and this is true, in a very large sense, of used or secondhand personal property. The evidence of the original cost of such property, its usefulness and appearance in its present condition, are important elements of its value. 22 C. J., sections 134, 135, pp. 182, 183. The value of such property is a matter of opinion based on evidence of its condition

and usefulness as well as appearance. Its value may be shown by nonexpert testimony; its value is a matter that necessarily comes within the knowledge of a great number of people; it does not require expert knowledge. No witness is competent to testify positively that such property is worth so many dollars as might be testified to with reference to personal property having a fixed market value and daily quoted in the markets. In addition to the evidence of witnesses, the jury had the right to apply their own knowledge of such matters, acquired by experience and observation. They had the right to use such knowledge along with the evidence in the case, and deduce from the whole their judgment as to the value of the property."

The judgment will be affirmed.

*Affirmed.*