Smith *v.* Gulf, M. & N. R. Co.

(Division B. Sept. 22, 1930. Suggestion of Error Overruled, October 20, 1930.)

[129 So. 599. No. 28609.]

**Paine & Paine,** of Aberdeen, and **J. H. Ford,** of Houston, for appellant.

B. N. Knox, of New Albany, and Flowers, Brown & Hester, of Jackson, for appellee.

Argued orally by Thos. Fite Paine, for appellant, and by J. T. Brown, for appellee.

Anderson, J., delivered the opinion of the court.

Appellant brought this action against appellee in the circuit court of the First district of Chickasaw county, to recover of appellee the loss of the services of his daughter, Bettie Lou Smith, during about two years of her minority, and for hospital and doctors' bills, and other expenses incurred by him on her behalf during the same period, alleged to have been caused by an injury received by his

daughter as the result of appellee's negligence. There was a trial, resulting in a verdict and judgment in appellee's behalf; from that judgment appellant prosecuted this appeal.

Appellant's daughter, Bettie Lou Smith, a minor about nineteen years of age, was a passenger on a south-bound passenger train of appellee's, between Woodland and Mathiston, in this state. The train was wrecked, and the daughter was seriously injured. Appellant, as next friend of his daughter, brought suit in the circuit court of the First district of Chickasaw county, to recover damages for her injuries. A trial of the cause was entered into, and progressed to some extent, when a compromise judgment was entered in favor of the daughter in the sum of ten thousand dollars. A voucher for ten thousand dollars was sent by the appellee to her attorneys in satisfaction of the judgment; and along with the voucher appellee sent a release to be signed by the appellant and his wife, reciting that the amount paid was in full compensation, not only of the injuries to the daughter, but of all injuries suffered by appellant and his wife. This release appellant and his wife refused to execute. Nevertheless, the ten thousand dollars was paid to the daughter, whose disability of minority had been removed to enable her to receive and receipt for it.

Besides the general issue, appellee pleaded specially the payment of this ten thousand dollars, alleging that it was paid in full settlement of all injuries suffered by either the daughter or the father and mother. Appellant demurred to the special plea, which demurrer the court overruled. Evidence pro and con was heard on the issue made by the special plea; at the conclusion the court ruled out the entire evidence offered to sustain the special plea, and directed the jury not to consider it in making up their verdict.

Appellant assigned and argued many errors alleged to have been committed by the court during the trial, part

growing out of the issue of liability, and the balance out of the issue of damages.

Under the undisputed evidence in this case, there was only one issue on which the jury could have returned a verdict for appellee, and that is the issue of liability, on which the evidence was conflicting, and the jury would have been justified in finding either way. On the issues as to whether appellant's daughter was injured by the wreck, and whether appellant suffered damage by reason of her injury, there was no real conflict in the evidence, which showed that appellant's daughter was seriously injured by the wreck of the train, and that by reason thereof appellant was injured in the loss of her services during her minority, and at least put to the expense of her hospital and doctors' bills. There were other elements of damage which appellant attempted to show that he suffered, about which there was more or less uncertainty in the evidence. But as to the hospital and doctors' bills, which appellant had to pay for his daughter, there was no uncertainty whatever, either as to their character or amount. So if the jury had found that the wreck of the train was caused by the negligence of appellee, under the law and the evidence in the case they would have been forced to return a verdict for appellant in some amount. Putting it differently, if appellant had asked it, he would have been entitled to an instruction that if the jury should find for appellant on the question of liability, then they would be required to return a verdict in appellant's favor for the amount of damages he suffered, definitely shown by the evidence. The jury could have returned no other verdict, under the law and the evidence in the case. It is true, no such instruction was asked by appellant; nevertheless, the jury is presumed to have known the law. It is presumed that the jury knew that if they found for appellant on the issue of liability, then under the law and the evidence of the case they would be required to find for appellant on the issue of damages.

Chapman v. Powers, 150 Miss. 687, 116 So. 609; G. & S. I. R. R. Co. v. Simmons, 153 Miss. 327, 121 So. 144.

Appellant's assignment of errors, therefore, arising out of the issue of damages, is eliminated from consideration on this appeal. If errors they were, they could have had no influence on the verdict of the jury, because the jury, in their consideration of the case, never got that far along. They returned a verdict for appellee on the issue of liability alone, before they ever reached the issue of damages. It is only necessary, therefore, to consider appellant's assignment of errors growing out of the trial of the issue of liability.

We are of opinion that none of these alleged errors have any substantial foundation. The action of the court in overruling appellant's demurrer to appellee's plea, and admitting evidence to sustain the plea, was entirely harmless, even though erroneous, for the simple reason that before the case was concluded the court, on appellant's motion, ruled out the entire defense embodied in this special plea; and in doing so, said to the jury from the bench that the evidence under the special plea was excluded from their consideration, and they should not consider it in making up their verdict. It would be a very unusual case, indeed, that would be reversed on appeal because of an error in the trial court, which error the trial court had corrected before the case went to the jury. We do not think this is that kind of case, conceding that there might be such.

The ruling out by the court of the testimony of appellant's daughter as to the speed of the train, and the effect of the speed on the car in which she was riding, was without any harm to the appellant. It was largely a repetition of other evidence given by her. She testified that the speed of the train and the jumping first called her attention to the derailment of the car; that the train was running fast, and the speed threw her out of her seat,

The court committed no error in permitting appellee to examine appellant as a witness in his own behalf, as to whether he paid his daughter's hospital and doctors' bills, or she paid them out of her own means and on her own account; for if she did so pay them, he would have no right to recover them from appellee.

The ruling of the court on the evidence of the witnesses offered by appellant as to the condition of the track at other places than where the wheels of the train first left the track, and where the wreck took place, was without prejudice to appellant. The evidence was reasonably definite as to the exact place where the wheels of the car first jumped the track, and where the wreck occurred. The court admitted evidence as to the condition of the track covering that space, as well as for some distance north and south of it.

We are of opinion that witness B. B. Davis, in his evidence, showed sufficient experience and expert knowledge to give an opinion as to what caused the wreck of the train.

We do not think there is any merit in appellant's criticism of the second, third, and fifth instructions granted appellee. As we understand, the principal complaint of these instructions is leveled at the language to the effect that if the preponderance of the evidence did not show certain material facts, the jury should return a verdict for appellee. Some of the material facts referred to were not in substantial dispute in the evidence. For that reason, appellant's position is that it was error for the court to tell the jury that if those facts had not been shown by the preponderance of the evidence, they should return a verdict for the appellee. In that respect the instructions stated the abstract principle of law correctly. Surely there can be no doubt about the proposition that a plaintiff must always establish by a preponderance of the evidence the material facts of his case, and that the defendant is entitled to an instruction to that effect. And

if any material facts are undisputed, the defendant is entitled to have the court so instruct the jury.

In one of the charges the court instructed the jury that appellant was required to show by a preponderance of the evidence that the wreck of the train was caused by appellee's negligence. Appellant contends that this part of the instruction was erroneous, in view of our prima-facie statute, section 1717, Hemingway's Code 1927, section 1985, Code 1906. The court granted the appellant the usual instructions under this statute. A case under the statute is only a prima-facie case. Appellee undertook to meet the burden placed upon it by the statute, by showing that the wreck was not the result of negligence on its part, but was an unavoidable accident. This made a square issue for the jury.

Affirmed.