# Parsons *v.* Lambert.

Division A.   Oct. 23, 1950.

No. 37601  (48 So. (2d) 143)

**Kermit R. Cofer,** for appellant.

Stone & Stone, for appellee.

McGehee, C. J.

The plaintiff Parsons overtook the defendant Lambert while the former was traveling in a 1931 Model-A Ford automobile southward from his home at Water Valley at about 9:30 p. m. en route to his place of work at Grenada as a railroad machinist. He undertook to pass the automobile of the defendant after having blown his car horn when about 200 feet from the rear, again when about 150 feet and again when about 50 feet, and at a time when the defendant was driving slower than plaintiff and whereupon the defendant decided to cross the left lane

of the highway for the purpose of turning around at a field road and returning to Coffeeville. In doing so the defendant thereby suddenly blocked the left lane of the highway which the plaintiff was undertaking to use in passing, when a collision occurred and resulted in damage to the plaintiff's car to the extent of about $400, according to the testimony of a mechanic.

The plaintiff sought by his suit to recover the sum of $300 as damages to his car and the sum of $250 for the loss of the use of his car in going to and from his work for a period of 125 days while it was undergoing repairs. There was a verdict in favor of the defendant. ██ However, the plaintiff was entitled to a directed verdict in his favor as requested by him on the question of liability, for the reason that the proof is undisputed that the defendant gave no signal or other warning whatsoever of his intention to suddenly turn into the left lane for the purpose of turning around at the field road, at a time when the plaintiff was overtaking and undertaking to pass him on the left as aforesaid.

The plaintiff's request for the peremptory instruction in his favor having been refused, the cause must be reversed, a judgment rendered here in favor of the appellant on the issue of liability, and remanded for the assessment of damages. ██ On that issue the plaintiff would be entitled to recover the actual damages to his automobile and such reasonable damages as he may have sustained in the loss of the use of his automobile for such time as would have been required for its repair under normal conditions. The delay of 125 days in getting the car repaired for use was occasioned because of the unavailability of parts at that time for a 1931 model automobile. The defendant was in no manner responsible for such a condition and would be liable only for the loss of the use of the car for such reasonable time as would have been required within which to repair it under normal conditions. See 25 C. J. S., Damages, Sections 40-42, pp. 514-516; Lyle v. Seller, 70 Cal. App. 300,

233 P. 345; 25 C. J. S., Damages, Section 48, pp. 529-530, and particularly subsection (b) at page 530 of the said text.

Reversed, judgment here for appellant on liability, and remanded for assessment of damages only.