THE GREYHOUND CORPORATION *v.* TOWNSEND

No. 40974          January 12, 1959          108 So. 2d 208

February 16, 1958                           108 So. 2d 853

*Lowell W. Tew, Welch, Gibbes & Graves,* Laurel, for appellant.

*Scott & Scott,* Laurel, for appellee.

LEE, J.

The Greyhound Corporation appealed form a verdict and judgment of the Circuit Court of Jones County by which James Townsend was awarded the sum of $1,500 as damages to his automobile on account of the alleged negligence of the corporation.

The pleadings and evidence made a simple issue as to whether the driver of one of the defendant's buses negligently turned his vehicle to the left as the plaintiff's car was about to pass the bus, thereby forcing the car off of the pavement and resulting in extensive damages to it.

The plaintiff and his brother-in-law, Wendel Gavin, testified that, on July 29, 1957, they were returning on Highway 11 from Harvey, Louisiana, to their home near Bay Springs in Townsend's month-old Ford car, with Gavin driving and Townsend sitting on the right side. Immediately in front of the car was a Greyhound bus, and immediately in front of the bus was a truck of the Dickey Clay & Manufacturing Company. Behind the Ford was another Greyhound bus, and immediately behind it there was another Dickey Clay & Manufacturing Company truck. The vehicles proceeded in that order

at a speed of 40 to 50 miles an hour for a distance of 2 or 3 miles and came to level country where the visibility was good for approximately a mile. Gavin, desiring to pass, pulled to the left, sounded his horn, increased his speed to 50 or 55 miles an hour, and started around the bus. When the car got alongside the bus and about the middle of the same, the driver of the bus, without giving any signal, suddenly pulled to the left into the lane in which the Ford was trying to pass. Gavin blew his horn again, but, as the bus did not change its course, he had to drive onto the shoulder or be struck by the bus. Before he could bring the car to a stop, it struck a piling and was turned back in the direction from which it had come. The bus passed the truck and proceeded without stopping. Townsend testified positively that the driver of the bus did not give a signal, and Gavin testified that, if the driver sounded his horn, he did not hear it.

The plaintiff testified that the rear panel on the left side was crushed in, the drive shaft was torn out, the frame was bent, and two tires were burst. He offered in evidence a copy of the bill for repairs from Horn Motor Company in the amount of $447.48 as the "actual repairs"; and testified that he was required to rent a car at $10 per day for about 30 days. Benton H. Matthews, a mechanic with 21 years of experience, testified that the frame was pretty badly bent, and he estimated that the car, by reason of the accident, was depreciated about $1,000 in value. It was his opinion also that the car, before the wreck, was worth between $2,500 and $2,600.

The evidence for the defendant was directly contradictory of the plaintiff's version. S. O. Williamson, the driver of the first Dickey truck, testified that he saw the Greyhound bus behind him, and when the road became open, he motioned the driver "to come on by"; and that, as the driver was doing so, he heard tires "squal-

ling''. When the witness got to where he could see in his mirror, the Ford was in a spin. He had not seen the car until that time. Volney B. Langston, the driver of the particular bus, testified that he checked his rear-view mirror, pulled over on the left side of the road, sounded his horn, and passed the truck. At no time did he see the Ford, and he did not know that it had been damaged. Albert Henson, the driver of the second Greyhound bus, and J. W. Williams, driving the second Dickey truck, both of which vehicles were behind the Ford, testified that the car passed them at a high rate of speed, and, when it reached the place where the accident occurred, the Greyhound bus was passing the truck, and the Ford had no place to go. As the result the driver applied his brakes, slid onto the shoulder, and, in a swinging motion, hit the post.

Thus it appears that the evidence, pro and con, was in sharp conflict; and obviously it was necessary that the issue should be determined by the jury. Consequently, the court properly refused the appellant's requested peremptory instruction. American Creosote Works, Inc. v. Smith, (Miss.) 103 So. 2d 861, is very similar factually, except that the damage in that case was for personal injuries. See also Frizell v. Guthrie, 222 Miss. 501, 76 So. 2d 361.

██ ██ Neither can it be said judicially that the verdict was contrary to the overwhelming weight of the evidence.

The appellant also contends that the measure of actual damages was not contemplated by the pleadings, nor was it established by the proof, nor was it properly outlined by the instructions.

██ ██ While the plaintiff introduced a copy of the repair bill from Horn Motor Company, there was no proof of the necessity for the repairs or as to the reasonableness thereof either by the mechanic, or anyone else. Proof of such nature and kind is required by the prin-

ciple in National Fire Ins. Co. of Hartford v. Slayden, 227 Miss. 285, 85 So. 2d 916, and Brown & Root, Inc. v. Continental Southern Lines, Inc., 228 Miss. 15, 87 So. 2d 257.

There was proof of the loss of use of the car and that the appellee had to rent another vehicle for an approximate outlay of $300 in accordance with the rule in Parsons v. Lambert, 209 Miss. 649, 48 So. 2d 143. While the proof as to the expertness of the witness Matthews was somewhat scant, the witness in fact did fix the amount of the depreciation on account of the wreck at about $1,000.

The appellant requested and was refused an instruction which told the jury that in no event could it find punitive damages against it; and in three instructions given for the appellee, the jury was informed that it could award punitive damages.

Of course, punitive damages may be awarded in a proper case in an action for wrongful injury to property. However, such award will be allowed "only where such injury is attended by circumstances of willful fraud, malice, or gross negligence." 25 C. J. S., Damages, Section 121c, page 718. "The mere fact that the act complained of is unlawful is not of itself ground for an award of exemplary damages." Ibid. Section 123c page 726.

In Yazoo & Miss. Valley R. Co. v. Hardie, 100 Miss. 132, 55 So. 42, 967, it was held that a railroad company, for a violation of its duty, can be assessed with punitive damages "only where there has been some intentional wrong, insult, abuse, harshness, or where there has been such gross neglect of duty as to evince reckless indifference of the rights of others." See also Belk v. Rosamond, 213 Miss. 633, 57 So. 2d 461, where it was said: "Punitive damages are ordinarily recoverable only in cases where the negligence is so gross as to indicate reckless or wanton disregard of the safety of others."

The jury, by its verdict, obviously found that Langston, the driver of the bus in question, negligently turned his vehicle into the left lane of the highway. But the driver testified that he at no time saw the Ford; and Williamson, the driver of the truck ahead, testified that, at the time he motioned Langston to pass, he did not see the Ford, nor did he see it until after the bus had passed on ahead of him. The negligence in this case is not deemed so gross as to justify the award of punitive damages. Consequently, the appellant's requested instruction thereon should have been given, and the appellee's given instructions thereon should have been refused.

For the failure to show the necessity and reasonableness of the repairs, and the error in submitting the question of punitive damages to the jury, the case must be reversed and remanded.

Reversed and Remanded.

*McGehee, C. J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.

## ON SUGGESTION OF ERROR

The appellee, under the rule in National Fire Insurance Company of Hartford v. Slayden, 227 Miss. 285, 85 So. 2d 916, and Brown & Root, Inc. v. Continental Southern Lines, Inc., 228 Miss. 15, 87 So. 2d 257, had the burden of proving the necessity and reasonableness of the charges for repairs. To that end, he testified about four particular items, showing that the car was badly damaged, and offered in evidence, without objection, a copy of the bill from Horn Motor Company in the amount of $447.48 as the ''actual repairs''.

In the case of Dyer v. Hobert, 150 Miss. 857, 117 So. 244, the appellee therein offered in evidence, without objection, four repair bills, aggregating $72.25, which she had paid, as she said, for necessary repairs. It was

urged here that the bills were not competent to prove such necessary repairs. The Court, in rejecting this contention said: ''This account was introduced in evidence without objection, and the jury were entitled to take all the facts introduced, and apply their common judgment and experience to the situation, and, from all of that, deduce their own opinion as to the depreciation or loss of value.''

Upon reconsideration, the Court has concluded that, if objection had been made to the admissibility of the Horn bill as improper to prove the necessity and reasonableness of the charges for repairs, the trial court, under National Fire Insurance Company of Hartford v. Slayden and Brown & Root, Inc. v. Continental Southern Lines, Inc., supra, would have been required to sustain the objection; and the appellee would have been required to offer evidence in support of such necessity and reasonableness. But, since there was no objection, the appellant waived its right to demand such proof, and the evidence thereon was proper for the consideration of the jury.

The jury found for the appellee. There was ample evidence to justify their conclusion that he was entitled to recover some damages. Obviously there was some depreciation in the value of the car even though it had been repaired. Although a witness estimated such depreciation at the sum of $1,000, his knowledge of that subject appeared to be slight. ■■ ■ The giving to appellee of the instructions which authorized the award of punitive damages was clearly erroneous. The Court is unable to say that those instructions did not affect the amount of the verdict.

Consequently the suggestion of error is sustained in part, to the extent of affirming the judgment of the trial court on liability, but the cause is remanded for a new trial on the amount of damages only.

Suggestion of error sustained in part, and in part, overruled.

*McGehee, C. J.,* and *Hall, Kyle,* and *Holmes, JJ.,* concur.