DUVIGNEAUD *v.* JENKINS

No. 41841          May 8, 1961          129 So. 2d 629

*P. D. Greaves,* Gulfport, for appellant.

*Richardson & Faggard,* Pascagoula, for appellee.

GILLESPIE, J.

Jenkins, plaintiff below and appellee here, sued Duvigneaud, defendant below and appellant here, for personal injuries. The court gave plaintiff a peremptory instruction on liability for compensatory damages, denied defendant an instruction submitting the question of contributory negligence of plaintiff, and submitted to the jury the question of punitive damages. A verdict was returned in favor of plaintiff for $3,300 actual and $5,000 punitive damages. Judgment was entered accordingly and defendant appeals.

Stated in the light most favorable to appellee, the material facts are as follows. Appellant parked a borrowed automobile in a no parking zone on a Pascagoula street. Someone called his attention to the fact that it was a no parking zone and appellant stated that he would park where he damned pleased. Some time later, after appellant had gone to a nearby store, he returned to the automobile, started the engine, looked to his rear and saw nothing and backed up rapidly a distance estimated variously from six feet to two car lengths. In backing up appellant turned his front wheels so that the rear fender or tail fin of the automobile extended over the curb and struck appellee who was standing on the edge of the curb with his back to the street. One witness who did not see the actual collision but who saw the car when it started backward said it shot back like a bullet. This witness was in a show window inside a store. Another witness for appellee who was standing facing appellee testified that appellant backed up "pretty fast". Appellee stated that appellant backed up at a high rate of speed but he judged it not from seeing the automobile but from the lick he sustained. It is shown that appellant immediately stopped the car when someone called to him, and the wheels did not hit or jump the curb.

We are of the opinion that the question of punitive damages should not have been submitted to the jury.

The statement appellant is said to have made when he parked the car is no indication of malice or wantonness when he later returned to the car and backed up to leave the curb. Undoubtedly appellant was guilty of negligence as a matter of law, but we think that he was guilty only of simple negligence. It is undisputed that he looked to his rear before he backed up and saw no one. Appellant's carelessness was not such gross negligence as to indicate wilfulness or a wanton disregard for the safety of others. Cf. Morris v. Huff, 238 Miss. 111, 117 So. 2d 800.

Appellant argues four other questions which, in our opinion, are not so serious as to require comment.

The judgment is reversed as to the allowance of punitive damages and judgment is rendered here on that issue. The case is affirmed for $3,300 compensatory damages.

Affirmed in part and reversed in part.

*McGehee, C. J.,* and *Kyle, McElroy* and *Jones, JJ.,* concur.