ROBERTSON, Justice:
The Plaintiff, Carl A. Bunner, recovered a jury verdict in Hinds County Court against the Defendants, W. B. Ulmer and Jacobsen Manufacturing Company, for $2,137.79 actual and punitive damages growing out of an automobile collision on December 28, 1964. An appeal was prosecuted to the Circuit Court, and the judgment of the County Court was there affirmed. The original defendants thereupon perfected an appeal to this Court.
The principal contention of the defendants is that the lower court erred in submitting the question of awarding punitive damages to the jury. We agree that there is no credible evidence of gross, reckless or wanton negligence and that as a matter of law the question of awarding punitive damages should not have been submitted to the jury. It is clear from the record that $1,580.00 of the $2,137.79 judgment was punitive damages, and we, therefore, reverse the judgment of the lower court and render judgment here for $557.79, the actual damages proved to the satisfaction of the jury and the trial court.
On December 28, 1964, tha Plaintiff, Bunner, properly parked his 1963 Chevrolet four-door sedan in the last parking space on the north side of Amite Street in Jackson, Mississippi, at the corner of Amite and Northwest Streets. Mrs. Nelly Weis-ser, driving a 1964 Rambler, turned from North Congress to Amite Street, just as a large tractor-trailer truck driven by Defendant Ulmer slowly and laboriously proceeded around a street barricade about midway of the block of Amite Street between Congress and Northwest Streets. Amite Street in this block has two driving lanes for east-bound traffic and two driving lanes for west-bound traffic, together with a parking lane on the north side of Amite Street. The barricade completely blocked *449 the west-bound traffic 'lane next to the center of the street and partially blocked the northerly west-bound- traffic lane. In order to get around this barricade, the big tractor-trailer truck had to proceed around the left end of the barricade and into the two east-bound traffic lanes. Mrs. Weisser made use of a vacant driveway in the north parking lane in driving around the right end of the barricade.
The traffic light at the intersection of Amite and Northwest Streets had changed from red to green and Mrs. Weisser was proceeding westerly on Amite Street when the right rear dual wheel of the defendant’s tractor-truck brushed the left rear of her car and then struck the left front of her car, forcing it into the parked car of the plaintiff. The car of the plaintiff was pushed over the curb and over a parking meter.
The main damage was to the left front fender and front door of plaintiff’s car, and the total repair bill amounted to $339.08. The plaintiff, a traveling man, had to rent an automobile while his car was being repaired. The rental for a week amounted to $118.71.
At the time of the collision the plaintiff had already agreed on a trade for a new car for $1,600.00 difference. The new car had been ordered, and when it was received and delivered, the plaintiff had to pay $1,700.00 difference because his car had been wrecked and had depreciated $100.00 more. The actual cost of the repairs, the rental of another car and the additional depreciation amounted to $557.-79.
The only two witnesses who testified as to the facts and circumstances of the wreck itself were Mrs. Nelly Weisser and Police Officer Layton. The gravamen of Mrs. Weisser’s complaint was that the tractor-trailer, in the space'of half a city block, had picked up sufficient speed to be traveling at an. excessive rate; that the tractor-trailer bumped her car four, or five times and with great force pushed her car into the car of the plaintiff. Officer Layton, testified that he always tided to give the proper ticket for a traffic violation; that in a proper case he would give a ticket for speeding or reckless driving; but in this case Defendant Ulmer was charged only with “cutting in lane of traffic.”
As to whether Ulmer had his blinker lights on, Mrs. Weisser finally said: “Well, he was in his line of traffic and I figured he knew what he was doing. I think he had his brake lights on. In making his turn he probably had his blinker lights on. I guess he did.” The testimony of these two witnesses falls far short of proving in any manner gross, wanton or reckless negligence.
In Belk v. Rosamond, 213 Miss. 633, 649, 57 So.2d 461, 468 (1952), we said: “Punitive damages are ordinarily recoverable only in cases where the negligehce is so gross as to indicate reckless or wanton disregard of the safety of others.” To the same effect are the later' cases of Greyhound Corp. v. Townsend, 234 Miss. 839, 108 So.2d 208, sugg. of error, 234 Miss. 839, 108 So.2d 853 (1959); Duvigneaud v. Jenkins, 241 Miss. 179, 129 So.2d 629 (1961); and Fowler Butane Gas Co. v. Varner, 244 Miss. 130, 141 So.2d 226 (1962).
In all of these cases the question of whether punitive damages should be awarded, was submitted to the jury, and on appeal of each case, this Court ruled that as a matter of law there was not sufficient evidence to carry this question to the jury. We held that the lower court should have instructed the jury in each case that no punitive damages could be awarded.
The judgment of the lower court is, therefore, reversed and judgment rendered here -for $557.79 actual damages.
Reversed and rendered.
ETHRIDGE, C. J., and JONES, PATTERSON and INZER, JJ., concur. ' '