211 So.2d 547 (1968)
ST. REGIS PAPER COMPANY, a corporation, and Harold W. Smith
v.
Johnny B. SEALS, Father and Next Friend of Johnny Wayne Seals, a minor.
No. 44942.
Supreme Court of Mississippi.
June 10, 1968.
*548 W.S. Murphy, Owen Moss, Lucedale, M.M. Roberts, Hattiesburg, for appellants.
William T. Bailey, Lucedale, Cumbest, Cumbest, O'Barr & Shaddock, Pascagoula, for appellee.
ROBERTSON, Justice:
Johnny B. Seals, as father and next friend of Johnny Wayne Seals, minor, brought suit in the Circuit Court of George County against Harold W. Smith and St. Regis Paper Company for actual and punitive damages for injuries to his minor son. The case was submitted to the jury on instructions that they might find for both actual and punitive damages, and the jury returned a general verdict for $25,000 against both defendants.
About 3 p.m. on May 10, 1966, the Rocky Mount school bus was travelling in a southeasterly direction about four miles east of Lucedale on U.S. Highway 98 delivering schoolchildren. From time to time it would stop in the right travel lane opposite the homes of schoolchildren and allow them to get out and cross the highway to their homes. It stopped on top of the hill west of Johnny W. Seal's home to let out schoolchildren; it stopped again about 200 yards down the hill to let out other schoolchildren, then proceeded on down the hill for about 150 yards, and stopped opposite Johnny Seal's home to allow him to get out.
The minor's home was situated on the north side of the highway, and after the school bus stopped, the flag boy got off the bus and approached the center line of the two-way highway with his little flag.
A large tractor-trailer, loaded high with farm tractors, slowed to a stop behind the school bus. Appellant Smith noticed the slowing down and then stopping of the long tractor-trailer in front of him as he travelled east on Highway 98. He turned left and moved into the passing lane and as he did so he saw the stopped school bus for the first time. He immediately applied his brakes and skidded about sixty-two feet, straight down the left lane, finally coming to a stop about two or three feet beyond the front of the school bus.
Johnny Wayne Seals, in the meantime, had gotten off the school bus and was crossing the highway to his home. The testimony is not clear whether the right front of appellant Smith's car hit Johnny, or whether he ran into the right front fender of Smith's car. There was a small dent in the right front fender about midway of the right front wheel, but there were no marks on the right front of the car.
Joe Clay, highway patrolman, testified that there were sixty-two to sixty-five feet of skid marks alongside the tractor-trailer and the school bus in the left or passing lane.
Both the flag boy and Seals said that they were watching a car approaching from the east and wondering whether it would stop, and Seals testified that he never saw the Smith car. The flag boy said he saw it when it was about a yard away and stepped back out of the way.
Smith testified that he was going about 30 or 40 miles an hour when he saw the stopped school bus. Johnny B. Seals, the father, was standing in his front yard watching for Johnny, and he estimated Smith's speed at 50 miles an hour, as did the 18-year-old bus driver, who noticed the Smith car in his rearview mirror as it pulled out to pass the tractor-trailer. The posted maximum speed limit on this highway was 65 miles per hour.
*549 Johnny Wayne Seals suffered a laceration of his scalp, a break in the front of his pelvic bone, abrasions on his left elbow and a laceration of his right buttock. The doctor sutured the two lacerations, and Johnny was in the hospital for three weeks and one day with the broken pelvic bone. He was not put in a cast but was required to sleep on a board during his hospital stay.
School was almost out and he passed all of his schoolwork. The next school year, which began in September, he moved up to the first team in basketball and played a full season. He passed all of his schoolwork. He testified that after he had played basketball "a pretty good bit" his back and hip would start bothering him, but he would sit down awhile and it would get all right and he would get up and play again. He was about fourteen years old at the time of the accident.
Mrs. Smith, who was sitting on the front seat with her husband, testified that immediately when the car stopped, Mr. Smith jumped out and ran over to the injured boy to see how badly he was injured and what he could do.
There are eight assignments of error, the most serious of which is that the trial court erred in submitting to the jury the question of awarding punitive damages. The trial court granted an instruction for the minor plaintiff that the jury could give punitive damages, and refused an instruction requested by the defendants that the jury could not award punitive damages. The decision on this assignment of error will dispose of most of the other errors assigned.
This is not a case for the award of punitive or exemplary damages. Except for the stopping of the school bus, there was no reason for appellant Smith to stop, or even slow down. There was not an intersection; there was not a town. Smith thought he was passing on an open highway, which he had a right to do. The only testimony as to speed was that he was going between thirty-five and fifty miles an hour, and the posted speed limit was sixty-five miles per hour. Smith testified that the very second that he saw the yellow of the school bus he immediately sounded his horn, applied his brakes and did everything that he could to stop his car. It might be that technically he was committing an unlawful act in passing a school bus, but when he finally got in position to see the stopped school bus ahead of the truck-trailer he immediately did everything humanly possible to obey the law and stop. He was not wanton and reckless; he did not willfully disregard the safety of others in attempting to pass the stopped truck-trailer.
We have repeatedly held that punitive damages are recoverable only in cases where the negligence is so gross as to indicate reckless or wanton disregard of the safety of others. Maupin v. Dennis, 252 Miss. 496, 175 So.2d 130 (1965); Greyhound Corp. v. Townsend, 234 Miss. 839, 108 So.2d 208 (1959); Belk v. Rosamond, 213 Miss. 633, 57 So.2d 461 (1952). Appellants' requested instruction on punitive damages should have been given and the appellee's given instruction thereon should have been refused. For this error in submitting the matter of punitive damages to the jury, this case must be reversed.
There is one other error that we should mention. This suit was brought for and on behalf of a minor for personal injuries to the minor. A minor is not legally liable for his medical and hospital expenses. They are obligations and debts of the father. These expenses cannot be recovered by the minor; the father must bring a separate action in his own name to recover these expenses charged to him for services rendered his minor son.
Reversed and remanded.
GILLESPIE, P.J., and JONES, BRADY and INZER, JJ., concur.