220 So.2d 281 (1969)
Emily LANE, a Minor, by Thomas L. Lane as Father and Next Friend, Appellant, Cross-Appellee,
v.
Jack WEBB, Appellee, Cross-Appellant.
No. 45123.
Supreme Court of Mississippi.
January 6, 1969.
As Modified on Denial of Rehearing March 17, 1969.
*282 Carothers & Fedric, Grenada, for appellant.
Daniel, Coker, Horton & Bell, L.F. Sams, Jr., Jackson, for appellee.
BRADY, Justice:
From a judgment in the Circuit Court of Grenada County in the sum of $1,450 rendered in favor of Emily Lane, a minor, both appellant and appellee prosecute this appeal. A terse resume of the facts in this cause reveal that on Saturday, April 9, 1966, about 12:30 P.M. the appellant, Emily Lane, an eight and one-half year old girl, along with her first cousin, Andy Lane, a minor male child, had left the rear of the home of appellant's father and was proceeding onto the campus of the Jones Road Elementary Public School in order to play. The record shows that the western boundary of Jones Road Elementary Public School, hereinafter called Public School, or approximately twenty feet thereof, had been blacktopped and had been used and was being used by school buses and other persons in the transportation of children to said school. At the north end of said roadway gates had been built and at one time were closed during school hours in order to prevent the motoring public from utilizing the same when the school was in session. The proof shows, however, that after school hours and on days when the school was not in session the *283 roadway was used generally by persons who lived south of the school in the vicinity of said road. There is a sign on the gate on which is written: "School playground, no through traffic, 7:00 a.m. until 4:30 p.m."
Immediately west of the roadway appellant's father, Thomas L. Lane, had built his home. Immediately north of his home was the home of a Mr. Dwight Sheppard; immediately north of the Sheppard home was the home of a Mr. James; and north of the James home was the Arnold home. The record discloses that Mr. Sheppard and Mr. Lane had been riding in Mr. Sheppard's car and Mr. Sheppard had picked up and placed in his car a gasoline driven garden tool. He had parked his car a disputed distance north of the approximately twenty-one feet wide joint driveway which extends between the lots owned by Mr. Lane and Mr. Sheppard. Mr. Lane had gone into his home and was eating his lunch, and at the same time Mr. Sheppard was operating his gasoline driven garden tool. The sound of tires sliding on the roadway or the sound of the brakes being applied attracted the attention of both Mr. Lane and Mr. Sheppard. Mr. Lane testified that his little girl was struck on the south side of the joint driveway approximately thirty feet from where Mr. Sheppard had parked his car. Mr. Lane testified that he did not see the car at the exact moment it struck the appellant but he testified that almost instantly after he heard "squalling brakes" she was struck on the south side of the driveway, which is twenty-one feet in width, and she was knocked a distance of fifty-five feet. He testified that he instantly looked out of his west window and saw someone, whom his wife identified as being their daughter, rolling under the car. He further testified that the car proceeded approximately ten feet beyond where she lay after the accident. He testified that the Sheppard car was parked ten or twelve feet north of the driveway, which distance appellee estimated to be five to five and a half feet.
Mr. Sheppard, who was operating his gasoline driven garden tool, testified that when he heard the noise of tires sliding he knocked his implement out of gear. He was facing the opposite direction, and he turned around and saw the little girl rolling, or tumbling in the air. The car driven by appellee was going south and the little girl was in the air in front of the car. Mr. Sheppard testified that the Webb car was somewhere in the area of the driveway which separated his home from Mr. Lane's home. He testified further that when the car stopped, the car was beyond her body which was lying off to the side in a ditch.
Mr. Lane testified that approximately twelve to fifteen children were playing in the playground located northeast of the Sheppard home; Mr. John B. James who resides in the second lot north of Mr. Lane's home testified that it is some twenty or twenty-five feet from the eastern edge of the roadway across from his property to the swings on the playground and that children were playing on the west side of the road in the back yard of the playground. He, too, testified that he heard someone scream and heard brakes on a car and he went to his back door to see what had happened. He did not see the accident. He testified that four of his wife's nieces and one nephew from his home were playing at the swings approximately twenty feet from the eastern edge of the roadway on the school grounds.
A young man by the name of Mark McClamrock testified that he was standing on the front porch of his home which faces north and which is south of the school when he heard the brakes squeal. He turned around when he heard the tires, and he testified "I saw the little girl hit by the car." He was seventy-five yards away. He ran to where she was. He testified that appellant was behind the car which had passed on south beyond where she was lying.
Mr. John S. Nail was driving a car north on the roadway and was being watched by the appellee as he was driving south as he approached the Sheppard car. Mr. Nail testified that the appellant came out from behind Mr. Sheppard's car when appellee *284 was three, four or maybe five feet from her. When approximately a hundred or a hundred and fifty feet away from the point of impact, Mr. Nail saw the appellant standing behind the Sheppard car. He testified she was a foot and a half or two feet behind the Sheppard car when he saw her prior to her jumping out in front of the appellee's car. He stated that the car ran over her legs and that she was lying some six or seven feet north of appellee's car when it stopped. Mr. Nail testified that there were children on both sides of the road.
The record discloses that appellant sustained an obvious fracture about two inches long of the skull above the right eye of her forehead and that there were severe lacerations to the forehead. She was hospitalized in the Grenada Hospital for six days and treated by Dr. W.B. Hunt, who testified that she was in a state of shock. She had a fracture of her left arm above the wrist and a fracture of the arm at the elbow. She had numerous cuts, bruises and abrasions. She made fourteen trips to Memphis, Tennessee, where she was treated by a plastic surgeon, Dr. DeNere. She was hospitalized three days in Memphis for plastic surgery. Mr. Lane testified that in the treatment of his daughter he had spent the sum of $1,109 in doctors', hospital, nurses' and medical expenses. He estimated also that his traveling expenses computed at ten cents per mile at the government allowed rate would amount to $280. In spite of plastic surgery the record also shows that appellant will have a permanent scar on her forehead.
The two issues involved in this case are simply that the verdict is so grossly inadequate, and that it evinces bias, passion and prejudice on the part of the jury and the trial court should have therefore granted the appellant a new trial on damages only. On cross appeal appellee urges that the trial court should have granted the appellee a peremptory instruction. We do not find that there is any merit in this assertion claimed by appellee because there are presented for determination by the jury material conflicts in evidence.
A careful review of the record together with the briefs in this cause convinces us that the jury was justified in returning a verdict in favor of the appellant. Included in the material factual issues presented by the evidence is the issue of whether or not the appellee was operating his car in a reasonably safe and prudent manner over the roadway at a time when the evidence discloses that children were playing on both sides of the roadway within a short distance thereof. Furthermore, the question of whether the appellee by the exercise of reasonable care could or should have seen the little girl, Emily Lane, is an issue of fact for determination by the jury in that the testimony places her within a distance of from two to twelve feet behind Mr. Sheppard's car. If the jury concluded that she was standing some ten or twelve feet south of this car it follows that the appellee could have seen her much sooner and could have brought his car to a stop much quicker than he could have, had she been standing directly behind the car a distance of two feet. Moreover, the jury had the right to determine whether or not after applying his brakes the appellant's car traveling at a rate of ten to fifteen miles per hour would have propelled or rolled appellant a distance of fifty-five feet or some distance less than that and, whether or not at that speed his car would have still gone twelve feet farther south of where her body lay, thereby presenting the issue of speed for consideration by the jury. The cases are legion which hold that material disputed facts are for determination by the jury. We cannot say that the verdict of the jury is contrary to the overwhelming weight of the testimony or that the verdict evinces bias, passion or prejudice, insofar as appellant's negligence is concerned. Therefore the verdict of the jury as to negligence on the part of the appellee is affirmed. Although on this record the appellant could not be guilty of contributory negligence, the fundamental issue remains: Was the appellee guilty of *285 negligence proximately causing the accident and injuries? Compare Agregaard v. Duncan, 252 Miss. 454, 173 So.2d 416 (1965); Morris v. Boleware, 228 Miss. 139, 87 So.2d 246 (1956); Hines v. Moore, 124 Miss. 500, 87 So. 1 (1920) [a child of eight is prima facie incapable of exercising judgment or discretion  rebuttable by showing exceptional capacity].
The proof in this case reveals that Emily sustained a fracture of her left arm above the wrist and at the elbow. She likewise sustained a two inch fracture of the frontal skull, a severe laceration of the forehead which required thirty-seven stitches, and multiple bruises and contusions to her body. The proof is evident that she underwent considerable physical pain and she will always have a scar on her forehead. When compared with the foregoing injuries and suffering the exiguous verdict of fourteen hundred and fifty dollars rendered by the jury is grossly inadequate and evinces bias, passion and prejudice on its part insofar as its award of damages to this little girl is concerned. This cause is therefore remanded, but as to damages only. In considering the question of damages, the relevant facts on a retrial of this cause may be developed. Vaughan v. Bollis, 221 Miss. 589, 73 So.2d 160 (1954).
On direct appeal, reversed and remanded as to damages only; on cross-appeal affirmed as to liability.
ETHRIDGE, C.J., and RODGERS, PATTERSON and SMITH, JJ., concur.

ON PETITION FOR REHEARING
ETHRIDGE, Chief Justice:
We have considered carefully the petition for rehearing filed herein by appellee and cross-appellant, Jack Webb, and overrule it. Although plaintiff's instruction on negligence was abstract and in general terms, it was sufficient to submit the issues to the jury, which on adequate evidence found liability against defendant. Such errors as the instruction contained were not reversible but harmless errors. Accordingly the petition for rehearing is denied.
However, since the case is remanded for retrial as to damages, the right of plaintiff to recover for her medical expenses should be clarified. The last two sentences and the three following citations are deleted from the original opinion. Medical and hospital expenses of a minor are obligations and debts of the father. Where the father has incurred or paid them, he has the right to bring a separate suit for them. Nevertheless, where the father, as here, brings a suit as next friend of his minor child, he waives in the child's favor his right to recover the expenses of medical and hospital treatment, and is thereafter estopped to claim them in a separate suit.
In Brookhaven Lumber and Manufacturing Company v. Adams, 132 Miss. 689, 97 So. 484 (1923), a minor, by his father as next friend, brought suit for personal injuries and medical expenses against a lumber company, and recovered a judgment. The Court said:
Assuming for the sake of the argument that ordinarily the right to compensation for the appellee's reduced earning capacity during his minority would be in his parents, that right was here necessarily waived, for his father, in whom the right primarily rests, brought this suit and obtained the judgment himself as the appellee's next friend. (132 Miss. at 697, 97 So. at 485).
Anderson v. Jenkins, 220 Miss. 145, 70 So.2d 535 (1954), was an en banc decision of a personal injury suit by a minor, suing by his father as next friend. A judgment for plaintiff was affirmed. Since the medical and hospital expenses had been paid by plaintiff's sister, it was argued that the jury should not have been permitted to consider them in fixing the amount of damages. However, it was held that their payment by plaintiff's sister did not inure to the benefit of defendant, and it did not relieve defendant from liability for those items as elements of damages for which *286 plaintiff was entitled to recover. The Court then said:
But, it is said that, when the plaintiff in a case of this kind is a minor, medical, surgical, hospital and nursing expenses incurred in curing or relieving his injuries are recoverable, if at all, by his parent or guardian, and not by him in a suit of this kind, unless it be shown that he alone is responsible therefor by reason of his emancipation or the incompetency or death of his parents. The record shows, however, in the case that we have here, that the appellee sued herein by his father as next friend; and whatever merit the above mentioned argument might have had, if the father had not appeared as next friend, and we express no opinion on that point, the father, by bringing the suit as next friend, waived in the appellee's favor the right to recover the expenses of medical and hospital treatment. (220 Miss. at 154, 70 So.2d at 539).
This rule permits these issues to be decided in one suit rather than two. It permits a judicial determination of all damages from the accident in one proceeding. Moreover, it enables the jury to consider all of the circumstances and damages resulting from the accident in the suit by the minor through his father as next friend. Medical and hospital expenses as damages were submitted to the jury on the first trial of the instant case, and under the abovestated rule may be submitted in the new trial on the damages issue. To the extent that the last paragraph of the opinion in St. Regis Paper Company v. Seals, 211 So.2d 547 (Miss. 1968), is inconsistent with this decision, it is modified and overruled. See Annot. 32 A.L.R.2d 1060, 1083 (1953).
This disposition is in accord with the general rule elsewhere. 39 Am.Jur., Parent and Child § 83, p. 729 (1942) states:
But where, in an action brought by him as guardian or next friend to recover for injuries to his child, the parent claims damages for loss of time, diminished earning capacity, medical expenses, etc., he cannot make any claim for such items in a subsequent action brought in his own right, but rather, they are to be recovered by the child in the first action only.
To the same effect is 67 C.J.S. Parent and Child § 43, p. 747 (1950):
A parent may waive or be estopped to assert his right to recover for medical expenses, loss of services, etc., by reason of injury to his minor child, and permit the child to recover the full amount to which both would be entitled, as where the parent as next friend brings an action on behalf of the child for the entire injury, or permits the case to proceed on the theory of the child's right to recover for loss of services and earning capacity during minority and for medical or other expenses. In such case the parent treats the child as emancipated in so far as recovery for such damages is concerned, and may not thereafter be permitted to claim that he, and not the child, was entitled to recover therefor.
Fowler Butane Gas Company v. Varner, 244 Miss. 130, 141 So.2d 226 (1962), involved separate suits, one by the parents for medical expenses, and one by the child for personal injuries. The two suits were consolidated and tried together. McLemore v. Riley's Hospital, Inc., 197 Miss. 317, 20 So.2d 67 (1944), held that in the absence of a wife's agreement to pay expenses for her necessities, the husband was primarily liable for them, but it was overruled in Cooke v. Adams, 183 So.2d 925 (Miss. 1966). Smith v. Gulf, M. & N.R. Co., 158 Miss. 188, 129 So. 599 (1930), involved two separate suits and also is not applicable.
Petition for rehearing denied, and opinion modified.
All Justices concur.