DURR, MINOR, ETC. *v.* ALFRED JACOBSHAGEN COMPANY

No. 42261          April 16, 1962          139 So. 2d 852

*John D. Kervin, Hugh McIntosh,* Collins, for appellant.

*John K. Keyes,* Collins, for appellees.

KYLE, J.

Mary Ruth Durr, a minor, plaintiff in the court below, by Ethel Carter, her mother and legal guardian, filed a declaration in tort against Alfred Jacobshagen Company, Incorporated, a nonresident corporation, Lawrence Washington, and Covington County, a county and political subdivision of the state, for the recovery of damages for personal injuries alleged to have been sustained by the plaintiff as a result of a motor vehicle accident which occurred on October 7, 1960, when a school bus owned by the County and operated by a school bus driver employed by the County collided with a truck and trailer combination owned by the defendant, Alfred Jacobshagen Company, Incorporated, and operated by the defendant, Lawrence Washington, an employee of the corporate defendant. The suit was filed in the Circuit Court of Covington County on May 29, 1961. The declaration recited as a fact that the County was being sued as a codefendant under authority of Section 6336-19, Mississippi Code of 1942, Rec.

The plaintiff alleged in her declaration that she was a resident of Covington County, sixteen years of age, and that she had been assigned to attend school at the Carver Attendance Center; and that on October 7, 1960, the plaintiff was injured while she was being transported from her home near the Town of Seminary to said school in a county-owned school bus which was being driven by Thad Keys, a school bus driver employed by the County, when the county-owned school bus collided with the above mentioned truck and trailer combination owned and operated by the corporate defendant Alfred Jacobshagen Company and being driven by the defendant Lawrence Washington, at a point on U. S. Highway No. 49, within the corporate limits of the Town of Collins; that the collision occurred when the left front tire of the school bus which was proceeding northwardly on said highway, exploded and "blew out", thereby causing the overloaded school bus to sway out of control and to cross diagonally the center line of the highway into the southbound traffic lane and collide with the above mentioned truck and trailer which was proceeding southwardly at an excessive and dangerous rate of speed of more than 55 miles per hour. The plaintiff further alleged that the great force and impact of the collision inflicted upon the plaintiff great physical shock and emotional strain, and that by reason of the great shock and emotional strain the plaintiff suffered traumatic epilepsy and other mental disorders; that the plaintiff had been under the care and treatment of physicians in the Town of Collins and at the University Hospital in Jackson, Mississippi, and that at the time of the filing of her declaration she was confined in the Mississippi State Hospital at Whitfield; and that all of the injuries received by her were the direct and proximate result of the combined negligence of the defendants, Lawrence Washington, Alfred Jacobshagen, Incorporated, and Covington County.

The plaintiff alleged specifically that the County was negligent in failing to inspect the tires upon said school

bus at regular intervals and in failing to discover that the left front pneumatic tire of the school bus was defective; that the driver of the school bus was negligent in that he overloaded the school bus by crowding into the bus 30 more students than the seating capacity of the bus would accommodate; and that the driver of the school bus was also negligent in causing the bus to be operated at a dangerous and excessive rate of speed, and in failing to keep the bus under safe control and in failing to maintain safe tires on the bus. The plaintiff alleged that the defendant Alfred Jacobshagen Company, Incorporated, the owner, and Lawrence Washington, the driver of the truck and trailer combination, were negligent in that the driver of said truck and trailer combination, at the time of the accident, was driving said vehicle at an unlawful, reckless and negligent rate of speed, in excess of 55 miles per hour, and in that the driver of said truck and trailer failed to decrease the rate of speed of the truck and trailer when a special hazard existed in the highway, and in that the driver of said truck and trailer failed to keep his vehicle under safe control and drive the truck and trailer upon the most western portion of the highway in order to avoid a collision.

The plaintiff asked for damages in the sum of $50,510.

On June 12, 1961, the defendant Covington County filed a plea in bar and motion to strike the declaration filed against the County, alleging as grounds therefor the following: That the declaration showed on its face that the defendant County was being sued under the provisions of Section 6336-19, Mississippi Code of 1942, Rec. (Section 18 of Chapter 15, Laws of Extraordinary Session 1953), and laws amendatory thereof; that the statute itself expressly provided, in paragraph (d) thereof, "that no such claim arising from such accident shall exceed the total amount of five thousand dollars ($5,000.00), exclusive of court cost for any one child sustaining such

injuries or damages," and that the plaintiff's claim as set forth in the declaration was a claim for damages in the total sum of $50,510 and all costs, and was therefore not such claim as came within the purview of the statute. For the reasons stated the defendant County pleaded in bar of the plaintiff's action its governmental immunity to any suit, cause of action or recovery against it.

The defendants, Alfred Jacobshagen Company, Incorporated, and Lawrence Washington, filed an answer to the plaintiff's declaration, and in their answer the defendants admitted that the left front tire of the school bus, which was being operated by the County, blew out, and that the school bus suddenly crossed over the center line of the highway and crashed into the truck and trailer combination. The defendants, however, denied that the truck and trailer combination was traveling at a rate of speed of 55 miles per hour or more at the time of the accident. The defendants denied that the driver of the truck and trailer combination failed to reduce the speed of said motor vehicle; and they denied that the truck and trailer was being operated in violation of Code Section 8060, Mississippi Code of 1942, Rec. The defendants admitted that the defendant Lawrence Washington, the driver of the truck and trailer combination, was the employee of Alfred Jacobshagen Company, Incorporated, at the time of the collision, and was acting within the scope of his employment; but both defendants denied that they were liable to the plaintiff in any manner whatsoever.

The cause was heard on July 12, 1961, upon the plea in bar and motion to strike filed by the defendant Covington County; and at the conclusion of the hearing the court sustained the County's plea in bar and motion to strike. A judgment was therefore entered sustaining the plea in bar of the County and dismissing the plaintiff's suit as against the County. From that judgment the plaintiff has prosecuted this appeal.

The appellant's attorneys argue only one point as ground for reversal of the judgment of the lower court, and that is, that the court erred in sustaining the plea in bar filed by the appellee, Covington County.

We think the court erred in sustaining the plea in bar filed by the appellee, Covington County.

Section 6336-19, Code of 1942, Rec., provides in part as follows:

"(a) In the event of any accident or injury to any school pupil arising out of the negligent operation of any school bus or other vehicle owned by any county or municipal separate school district, or operated by such county or municipal separate school district by private contract, for the transportation of pupils to and from the public schools of such county, or any injuries and/or damages arising by reason of negligence in the maintenance, upkeep, repair or mechanical failure of such vehicle, any pupil receiving such injuries or sustaining such damages shall have a right of action against the county or municipal separate school district which operates such vehicle, and such county or municipal separate school district may not plead the defense of governmental immunity in bar to any such action or recovery. Such suit may be tried as other civil actions * * *.

"(d) Provided, however, that no such claim arising from such accident shall exceed the total amount of five thousand dollars ($5,000.00) exclusive of court costs for any one child sustaining such injuries or damages, and provided further that no such claim shall be paid from any other fund other than the accident contingent fund as hereinabove provided."

It is the contention of the appellee that Code Sections 6336-19, supra, is the *measure of the power to sue the appellee, Covington County;* that suit may be maintained under authority of said Code Section only for a liability which does not exceed the sum of $5,000; that the appellant's claim in this case exceeded the sum

of $5,000; and for that reason the County had a right to plead its immunity in bar of the appellant's suit.

But we think that contention is unsound. The statute expressly provides that any pupil receiving injuries or sustaining damages as a result of any accident or injury arising out of the negligent operation of any school bus shall have a right of action against the county which operates such vehicle, and such county may not plead the defense of governmental immunity in bar of such action or recovery. The statute, however, also clearly provides that no such claim shall exceed the sum of $5,000; and that provision, in our opinion, means that the County can in no event be held liable for damages in an amount in excess of $5,000. But the statute does not prohibit suits against the County and other joint tort feasors; and where there are several tort feasors who may be jointly liable for the alleged injury, as in this case, we see no reason why suit cannot be brought against all of the joint tort feasors who may be liable for such alleged injury, even though the amount of damages sought to be recovered against all of the codefendants may exceed the sum of $5,000; provided, however, that, in such case, no judgment can be rendered against the County for an amount in excess of the statutory limit of $5,000. Maryland Casualty Company v. Eaves, 188 Miss. 872, 196 So. 513.

The County had a right in this case, and it was its duty, to claim protection under the privilege of immunity against liability for an amount in excess of $5,000. But the fact that the amount sued for in this case, which is a suit against several alleged joint tort feasors, exceeded the sum of $5,000, did not constitute sufficient cause for holding that the plaintiff was barred of her right to sue the County; and the court, in our opinion, erred in sustaining the County's plea in bar of the plaintiff's action.

We express no opinion on the merits if the appellant's claim; and we again say, that regardless of the merits of

the claim, the County cannot in any event be held liable for an amount in excess of the amount specified in the statute.

For the reasons stated above, the judgment of the lower court is reversed and the cause remanded.

Reversed and remanded.

*McGehee, C. J.,* and *Ethridge, Rodgers* and *Jones, JJ.,* concur.