749 So.2d 943 (1999)
LINCOLN COUNTY SCHOOL DISTRICT and Mike Warren
v.
Jane DOE, Natural Mother and Next Friend of L.S.B., A Minor.
No. 96-IA-01165-SCT.
Supreme Court of Mississippi.
April 29, 1999.
Perry Sansing, Victoria W. Thomas, Jackson, Robert O. Allen, Brookhaven, Sally Burchfied Doty, Attorneys for Appellants.
Karla J. Pierce, Dale Hubbard, Jackson, Attorneys for Appellee.
EN BANC.
PRATHER, Chief Justice, for the Court:

STATEMENT OF THE FACTS AND CASE
¶ 1. On January 13, 1994,[1] Jane Doe[2] ("the mother") filed suit in Hinds County Circuit Court on behalf of her fifteen-year old[3] daughter, LSB, against the Mississippi State Department of Education (" the SDE"), the Lincoln County School District ("the District"), and Mike Warren ("Warren") in his official capacity as principal of the Eva Harris Center ("Eva Harris"). The lawsuit arose out of an April 28, 1993, incident in which LSB was allegedly raped *944 by a male student in the girls' restroom on the campus of Eva Harris.
¶ 2. LSB, who suffers from learning disabilities and a hearing impairment, alleges that Patrick McCoy, an 11th grade student at Eva Harris, followed her into the restroom at 11:40 on the morning of April 28 and raped her. The incident was reported that same day to Principal Mike Warren, who interviewed LSB, Patrick McCoy, and several witnesses. Warren did not contact the police, however, nor did he obtain medical attention for LSB.
¶ 3. Warren later explained that he was uncertain that the alleged incident had actually occurred, although the mother notes that Patrick McCoy had been previously expelled for a very similar prior incident in the girl's restroom at the school. Indeed, the record indicates that McCoy had a lengthy history of violent and otherwise delinquent conduct at the school, and the mother alleges in her lawsuit that Warren and the School District failed to adequately protect LSB and other students from McCoy's known violent propensities by failing to maintain adequate security at the school and by failing to warn the students of McCoy's violent past.
¶ 4. Warren notes, however, that the incident was first reported by another student and that LSB had initially denied that a rape took place. Warren stated in an affidavit that:
When I questioned her, (LSB) said the boy was in the restroom and they had sex. She did not say that she had been attacked or otherwise assaulted. (LSB) did not appear to be upset and did not have any outward signs of an assault. Her clothes were not torn; she did not have any visible bruises or scratches.
McCoy was eventually expelled for the incident involving LSB, but a grand jury failed to indict him on criminal charges for the alleged rape. The mother asserts that the grand jury's decision resulted from Warren's failure to contact the police or obtain medical assistance for LSB, thus resulting in a lack of physical evidence of a rape having occurred.
¶ 5. In response to the mother's lawsuit, the defendants raised defenses of immunity and improper venue. On May 15, 1996, the Circuit Judge denied Warren's and the District's motion for summary judgment, but granted the SDE's motion, thus dismissing it from the lawsuit. On October 2, 1996, the Circuit Judge denied the remaining defendants' motions for certification for interlocutory appeal. On December 20, 1996, a panel of this Court granted a motion for interlocutory appeal and stay filed by Warren and the District. The case is currently before this Court on interlocutory appeal.
A. Whether Section 11-46-3 of the Mississippi Tort Claims Act is constitutional and, as a result, the Lincoln County School District and Mike Warren are immune from this action.
¶ 6. In response to Warren and the District's defenses of sovereign immunity, the mother argues that Miss.Code Ann. § 11-46-3 (Supp.1998) is unconstitutional in that it "purports to declare not only what the law will be, but also to declare what the law is and has been, in derogation of the separation of powers doctrine." As noted by Warren, however, the incident from which the present suit arose occurred on April 28, 1993 and the present cause of action thus arose after the April 1, 1993 effective date of § 11-46-3. The mother argues, however, that the retroactive provisions of § 11-46-3 render the statute constitutionally defective as a whole and that this Court should therefore not even enforce the statute prospectively. This argument is without merit.
¶ 7. This Court noted in Mississippi State Tax Comm'n By and Through Marx v. Veazey, 624 So.2d 997, 1000 (Miss.1993) that "(i)t has long been the law of this State that this Court does not pass upon the constitutionality of statutes at the instance of parties not in a position to question them." In Mississippi Insurance Guaranty Ass'n v. Gandy, 289 So.2d *945 677, 679 (Miss.1973), this Court noted that "(o)ne who is not prejudiced by the enforcement of an act of the legislature cannot question its constitutionality or obtain a decision as to its constitutionality on the ground that it impairs the rights of others." Given that the mother is not prejudiced by application of the retroactive provisions of the Tort Claims Act, it is apparent that, under Gandy, she is not in a position to challenge their constitutionality in the present case.
¶ 8. As in Gressett v. Newton Sep. Mun. School Dist., 697 So.2d 444 (Miss.1997), the cause of action in the present case arose prior to the effective date of the waiver of sovereign immunity on October 1, 1993. See Miss.Code Ann. § 11-46-1(i) (Supp. 1998). The present cause of action is accordingly barred by the provisions of the Tort Claims Act, absent a waiver through the procurement of liability insurance, discussed in the next point of error.
a. Since Mississippi Statutes specifically provide that a school district is subject to liability only to the extent for which it has insurance, and the Lincoln County School District's general liability policy expressly excludes the type of claim alleged by Appellee, whether the Hinds County Circuit Court erred by failing to grant the Appellant, the School District, motion for summary judgment.
¶ 9. Having rejected the mother's constitutional argument, the issue arises as to whether the District had in effect liability insurance which would serve to waive the statutory immunity which the District otherwise enjoys in the present case. Miss.Code Ann. § 11-46-16(2) provides for a waiver of sovereign immunity to the extent that a governmental entity has liability insurance to cover "wrongful or tortious acts or omissions" of the governmental entity or its employees.
¶ 10. The District had a commercial general liability insurance policy in effect with Titan Indemnity Company on April 28, 1993, but the policy contained a provision which, the mother argues, served to exclude from coverage some, but not all, of the damages arising out of the alleged sexual assault in the present case. Endorsement GL-19 of the policy provides as follows:
Abuse or Molestation Exclusion-Commercial General Liability
This insurance does not apply to `bodily injury,' `property damage,' `advertising injury,' or `personal injury' arising out of:
(a) the actual or threatened abuse or molestation by anyone of any person, or
(b) the negligent:
(i) employment
(ii) investigation
(iii) supervision;
(iv) reporting to the proper authorities, or failure to so report;
(v) retention;
of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) above.
¶ 11. The mother notes that, by its terms, the exclusion only applies to her claims if they qualify as `bodily injury' or `personal injury' arising out of abuse or molestation[4]. The policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." The mother argues that:
(a)lthough one minor element of the damages Doe seeks is for physical injuries, she has also asserted claims for emotional distress, pain and suffering, fear of contracting a dangerous and/or deadly disease, and humiliation. While her claim for physical injuries probably qualify as a `bodily injury,' her remaining claims are in the nature of emotional and intangible injuries and do not fall within the policy's definition of `bodily injury,' which clearly applies only to *946 physical injuries, including sickness and disease. While Titan could have easily included emotional and other intangible injuries within this definition, as many insurers do, it did not do so in this policy.
The mother's arguments might have merit except for the fact that the policy in question only provides coverage for "bodily injury, personal injury, advertising injury, and property damage" in the first place. The language of the policy explicitly limits any liability which it might have to these classifications of damages, and the molestation exclusion accordingly serves to exclude from coverage all classifications of damages arising out of incidents of molestation. The mother does not argue that LSB's injuries were not the result of an incident of molestation as defined under the terms of the policy, and the exclusion is clearly applicable to the alleged incident in the present case.
¶ 12. If this Court were to adopt the interpretation of "bodily injury" urged by the mother in the present case, then there would be no coverage for the sort of "emotional and intangible injuries" asserted in the lawsuit in the first place, and the insurer would have no need to resort to any exclusions in the policy at all. If, on the other hand, this Court were to adopt a broader view of the term "bodily injury" so as to include the sort of emotional injuries alleged by the mother, then recovery would still not be available to LSB in light of the exclusionary language in the policy. Under either scenario, there is no coverage available to LSB under the facts of the present case, and the Titan policy accordingly does not constitute a waiver of sovereign immunity under the facts herein.
¶ 13. It is thus apparent that the trial judge erred in denying Warren's and the District's motions for summary judgment, and we must accordingly reverse the trial court's ruling and render judgment in favor of the Lincoln County School District and Mike Warren.
¶ 14. REVERSED AND RENDERED.
SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH, MILLS AND WALLER, JJ., CONCUR.
McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION.
COBB, J., NOT PARTICIPATING.
McRAE, Justice, dissenting:
¶ 15. A parent is required by law to send her child to school. Parents are also required by law to obtain medical and other necessary services for their children. It is the parent who is legally responsible for the medical bills thus incurred. See McLain v. West Side Bone & Joint Ctr., 656 So.2d 119, 122 (Miss.1995); Lane v. Webb, 220 So.2d 281 (Miss.1969); St. Regis Paper Co. v. Seals, 211 So.2d 547 (Miss. 1968). LSB, a fourteen-year-old girl with a variety of disabilities, was deeply traumatized when she was raped in her school restroom by an older student with an extensive history of violence and sexual assault. For the majority to now say that her mother does not have standing to challenge the constitutionality of Miss.Code Ann. § 11-46-3 is disingenuous. See Durr v. Alfred Jacobshagen Co., 243 Miss. 730, 139 So.2d 852 (1962) (mother brought suit against county and other parties for damages incurred while child riding on a school bus, pursuant to statute limiting county's liability). Furthermore, given the older student's propensities, the failure of the District or the school principal to have taken action to prevent the sort of harm suffered by LSB amounts to such gross negligence as to take the case outside the realm of the tort immunity statute. Accordingly, I respectfully dissent.
¶ 16. LSB was raped at Eva Harris Vocation School in Lincoln County on April 28, 1993. While Miss.Code Ann. § 11-46-3 omits the unconstitutional language of its predecessor, Miss.Code Ann. § 11-46-6, there was no sovereign immunity upon which the School District can rely on that date. The statutory waiver provided by *947 Miss.Code Ann. § 11-46-5 was not effective against political subdivisions of the State until October 1, 1993. Between 1984 and 1993, the Legislature continuously reenacted the statutory provisions delaying the implementation of the waiver of the Sovereign Immunity Act up to certain amounts of liability. Finally, in 1993, the Legislature opened the door for plaintiffs to bring valid claims against the sovereign on a limited basis, resulting in Miss.Code Ann. § 11-46-5.
¶ 17. In Starnes v. City of Vardaman, 580 So.2d 733 (Miss.1991), this Court recognized that the Legislature's delay in enacting provisions of the State Tort Claims Act effectively prevented valid claimants from bringing suit against the State and its political subdivisions. As we explained therein:
... What is important is that the Legislature has repeatedly postponed the effective date, so that the actsave only its reenactment of pre-Pruett immunity lawhas been and remains law in futuro, law that has never acquired a present force.
So when the City of Vardaman asserts to the two-year statute of limitations, Miss.Code Ann. § 11-46-11 (3)(Supp.1987), we must answer that the statute limits only "all actions brought under the provisions of this chapter...." Since "this chapter" has never authorized an actionthe present effective date is October 1, 1991 Starnes' action was not and could not have been brought under it. Since Starnes' action was not "brought under the provisions of this chapter," we may not hold it barred by the two-year statute.
Starnes, 580 So.2d at 735-36 (footnote & citations omitted). With this Court having found the en masse revival of pre-Pruett law to be unconstitutional, the Legislature's continued delay in implementing the waiver of sovereign immunity has kept cases like the present one alive, and thus, no immunity can exist for the school district. Stokes v. Kemper County Bd. of Supervisors, 691 So.2d 391, 398 (Miss. 1997) (McRae, J. & Sullivan P.J., concurring in part and dissenting in part).
¶ 18. The majority's decision in this case is yet another example of the ongoing misconstruction of our sovereign immunity statutes. In Gressett v. Newton Separate Mun. School Dist., 697 So.2d 444 (Miss. 1997), the Court erred when it found that the school district was protected by sovereign immunity from liability for an August 26, 1993 injury. I dissented in Gressett, and I dissent again today.
... Mississippi Constitution, art. 3, § 24, makes no distinction between seeking redress for wrongs committed by public versus private entities. Today the majority forecloses the citizen's right to recover, effectively "rubber stamping" the blunder already committed by the Legislature when it delayed implementation of waivers of immunity. Under the majority's reasoning, all legitimate claims against the state or its political subdivisions between 1984 and 1993 are precluded by statutes which have no effect. As long as this rationale is employed, rightful claimants will never be able to enjoy the benefits of our remedy clause.
Gressett, 697 So.2d at 447 (McRae, J. & Sullivan, P.J., dissenting). There existed a valid claim against the District, and Jane Doe, as the mother of a child injured at the school, had standing to bring this action.
¶ 19. Even if the District were, by some perversion of the statutes and our Constitution, immune from liability as it claims, its officials are not. It is unfathomable that a school principal would not communicate to another principal the dangerous propensities of a student transferred to his school or that some action would not be taken by the District or its employees when a student's record revealed the potential threat he posed to other children. In this case, where the student's record included allegations of rape and actual *948 threats of physical violence against students, teachers and school employees, it further transcends reason to think that a school principal faced with a report that a student had been raped would not seek immediate medical attention for the girl and then wait six hours before suggesting to her parents that they take her to a doctor and report the incident to the sheriff. School districts are required to provide a safe environment for the children of this state. See L.W. v. McComb Separate Mun. School Dist., 1999 WL 174267 (Miss. March 31, 1999). We must not lose sight of the fact that government employees do not enjoy unfettered immunity against liability; rather when it can be shown that an official has acted "with such gross neglect or callous indifference to the safety of [the injured party] and the public as a whole such that his conduct may be fairly described as constructively intentional, he is not entitled to immunity." Mohundro v. Alcorn County, 675 So.2d 848, 854 (Miss. 1996) (citing McFadden v. State, 542 So.2d 871, 881 (Miss.1989)); see also Coplin v. Francis, 631 So.2d 752 (Miss.1994) (immunity does not attach when the "governmental entity" exceeds its statutory authority). In this case, the school principal's actions or, more accurately, his inaction, amounts to "gross neglect or callous indifference" or, at the very least, a reckless disregard for the safety of LSB and the other students and teachers in the school, and thus, he is not entitled to immunity. This is so because parents are required to send their children to school, the school then acts in loco parentis and thus is charged with the duty to safeguard the children.
¶ 20. Finally, I am troubled by that part of the majority's opinion finding that the mother is not prejudiced by application of the retroactive provisions of the Tort Claims Act. Her claim arose April 28, 1993some five months prior to the Act's application to subdivisions of the state. Miss.Code Ann. § 11-46-5(1). The parents are charged with the responsibility of raising their minor children and paying for all of their necessities including medical expenses. The majority is just misguided when it states that the mother is not in a position to challenge the constitutionality of the retroactive provisions of the statute.
¶ 21. Moreover, I disagree with the majority's holding that the District's liability insurance policy does not cover the child's emotional injuries. At the very least, the contract language is unclear on this point. We have repeatedly held that summary judgment is inappropriate where the contract language is ambiguous. Yowell v. James Harkins Builder, Inc., 645 So.2d 1340, 1345 (Miss.1994); Shaw v. Burchfield, 481 So.2d 247, 252 (Miss.1985); Dennis v. Searle, 457 So.2d 941, 945 (Miss. 1984).
¶ 22. I disagree with the majority's finding that both the District and the school principal were immune from liability. Further, because she is legally responsible to send her child to school and to pay any medical bills which might accrue on her child's behalf, Jane Doe had standing to bring this action and, finally, because the language of the contract of insurance was not unambiguous, the majority is wrong to hold that summary judgment was appropriate. Accordingly, I dissent.
NOTES
[1] Both Warren and LSB's briefs state that suit was filed on February 4, 1994, but the complaint in the record indicates that it was filed on January 13, 1994.
[2] The family name of the child has been changed to protect the minor.
[3] LSB was 15 at the time the lawsuit was filed, but she was 14 at the time of the alleged rape.
[4] The mother claims no "property damage" or "advertising injury."