### THOMAS McGREGOR *vs.* ALLAMERICA INSURANCE COMPANY.

Worcester. April 3, 2007. - July 10, 2007.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, & CORDY, JJ.

*Insurance,* Pollution exclusion clause, General liability insurance, Insurer's obligation to defend. *Oil and Gas.*

In an action seeking a judgment declaring that the defendant insurer was obligated under a commercial general liability policy to defend or indemnify the plaintiff in the underlying action arising from a spill of home heating oil, the judge erred in granting summary judgment in favor of the plaintiff, where the oil was a pollutant within the meaning of the policy's pollution exclusion provision. [402-405]

CIVIL ACTION commenced in the Superior Court Department on May 24, 2004.

The case was heard by *Leila R. Kern*, J., on motions for summary judgment.

The Supreme Judicial Court granted an application for direct appellate review.

*John P. Graceffa* (*Richard W. Jensen* with him) for the defendant.

*David M. Nickless* for the plaintiff.

*Scott J. Nathan*, for Commerce Insurance Company, amicus curiae, was present but did not argue.

*Laura A. Foggan & John C. Yang*, of the District of Columbia, *Richard Riley, & William Mekrut*, for Complex Insurance Claims Litigation Association, amicus curiae, submitted a brief.

IRELAND, J. This case involves whether a spill of home heating oil falls within the scope of a pollution exclusion in a commercial general liability policy. The plaintiff, Thomas McGregor, doing business as McGregor Heating & Air Conditioning, seeks to invoke the duty of the defendant, Allamerica Insurance Company (Allamerica), to defend him in a suit stemming from

work done for Peter and Susan Staecker. In that underlying suit, the Staeckers, and their insurers as subrogees,[1] allege that an oil leak on the Staeckers' property was caused by McGregor's negligence. They seek to recover the costs of the remediation work required to clean up the spill, and the rent lost during the remediation work. Allamerica claims that the oil leak is excluded by the pollution exclusion in McGregor's commercial general liability policy, and that it has no duty to defend or indemnify him with regard to the Staeckers' claims. A judge in the Superior Court granted McGregor's motion for summary judgment. Allamerica appealed from that decision, and we granted its application for direct appellate review. We reverse the order of the Superior Court granting McGregor's motion for summary judgment, and grant summary judgment for Allamerica.

*Background.* The material facts of this case are undisputed. In December of 1994, McGregor installed a new furnace in a single-family residence owned by the Staeckers. In February, 2001, six years after McGregor had completed his work, a leak in the supply line allowed oil from the tank to drain into the ground below the house. In the underlying case, the Staeckers claim that McGregor negligently failed to replace or repair the supply line running from the oil supply tank to the newly installed oil burner when he replaced the furnace, and that his negligence caused the oil spill. The Department of Environmental Protection (department) issued a notice of responsibility to the Staeckers directing them to remediate any environmental contamination caused by the oil that had been released on their property. The Staeckers' suit seeks to recover the costs of the State-ordered cleanup and the lost rental income from the property during the cleanup.

McGregor's business was insured by Allamerica under a commercial general liability policy. He notified Allamerica of the Staeckers' claims and attempted to invoke its duty to defend him. Allamerica denied coverage, taking the position that the suit brought by the Staeckers was excluded by the "total pollution exclusion" in McGregor's policy, which read in pertinent part:

---

[1] The Staeckers' insurers are Merrimack Mutual Fire Insurance Company and Liberty Mutual Insurance Company. Collectively, we refer to the Staeckers and their insurers as "the Staeckers."

"This insurance does not apply to:

"  . . .

"1) 'Bodily injury' or 'property damage' arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants'

"  . . .

"2) Any loss, cost, or expense arising out of any:

a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, 'pollutants' . . . ."

"Pollutants" are defined in the policy as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste." McGregor filed a complaint in May, 2004, seeking a judgment declaring that his policy with Allamerica covered the Staeckers' claims, and claiming that Allamerica's refusal to defend him constituted a breach of contract and a violation of G. L. c. 176D. On cross motions for summary judgment, the judge granted McGregor's motion for summary judgment, holding that the oil spill was not a "pollutant" as that word was used in the policy.

*Discussion.* "The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law." *Augat, Inc.* v. *Liberty Mut. Ins. Co.*, 410 Mass. 117, 120 (1991). Because there is no factual dispute in this case, the only issue is the interpretation of the language in the pollution exclusion, an issue that is purely a question of law. See *Herbert A. Sullivan, Inc.* v. *Utica Mut. Ins. Co.*, 439 Mass. 387, 394 (2003). When interpreting an insurance contract, we "consider what an objectively reasonable insured, reading the relevant policy language, would expect to be covered." *Hazen Paper Co.* v. *United States Fid. & Guar. Co.*, 407 Mass. 689, 700 (1990). Unambiguous terms are construed in their usual and ordinary sense. *Hakim* v. *Massachusetts Insurers' Insolvency*

*Fund*, 424 Mass. 275, 281 (1997). "[A]mbiguous words or provisions are to be resolved against the insurer." *City Fuel Corp.* v. *National Fire Ins. Co.*, 446 Mass. 638, 640 (2006).

With this standard in mind, we conclude that Allamerica had no obligation to defend or indemnify McGregor for the claims brought against him by the Staeckers.[2] Other courts have held that the costs associated with discharges of oil, gasoline, or other petroleum products are excluded by pollution exclusion clauses nearly identical to the one in McGregor's policy. See, e.g., *Western World Ins. Co.* v. *Stack Oil, Inc.*, 922 F.2d 118, 122 (2d Cir. 1990); *Union Mut. Fire Ins. Co.* v. *Hatch*, 835 F. Supp. 59, 66 (D.N.H. 1993). Although no Massachusetts appellate court has addressed the question directly, Massachusetts courts have treated spilled oil as a pollutant when considering pollution exclusions. See *Jussim* v. *Massachusetts Bay Ins. Co.*, 415 Mass. 24, 29-30 (1993); *Shapiro* v. *Public Serv. Mut. Ins. Co.*, 19 Mass. App. Ct. 648, 651 (1985). A policyholder reading McGregor's policy could reasonably expect that oil leaking into the ground constitutes a pollutant within the meaning of the policy. The Staeckers' claims allege just such a circumstance, and therefore unambiguously fit within the pollution exclusion of McGregor's policy.

Consideration of the statute under which the department ordered the Staeckers to clean up the oil lends strength to our interpretation of the spilled oil as a pollutant. The remediation costs for the Staeckers' property were incurred pursuant to a notice of responsibility issued by the department under the Massachusetts Oil and Hazardous Material Release Prevention and Response Act, G. L. c. 21E, § 5. One of the principal objectives of that statute is "to compel the prompt and efficient cleanup of hazardous material." *Taygeta Corp.* v. *Varian Assocs.*, 436 Mass. 217, 223 (2002). A reasonable insured would expect that oil that the Staeckers were required to clean up pursuant to an order from the department under G. L. c. 21E is a pollutant.

---

[2]McGregor has provided no argument for analyzing the exclusion of lost rental income differently from the exclusion of remediation costs. Accordingly, we consider both claims together, as did the judge, in determining whether they involve pollutants.

McGregor argues that *Atlantic Mut. Ins. Co.* v. *McFadden*, 413 Mass. 90 (1992), and *Western Alliance Ins. Co.* v. *Gill*, 426 Mass. 115 (1997), limit pollution exclusions to the improper handling of hazardous waste, or other pollution occurring in an industrial setting.[3] McGregor misreads the holdings of those cases. In the *Gill* case, we held that carbon monoxide from a restaurant oven was not a pollutant within the meaning of a pollution exclusion clause. *Western Alliance Ins. Co.* v. *Gill, supra* at 120. In the *McFadden* case, we held that lead paint in a residential rental unit was not a pollutant within the meaning of a pollution exclusion clause. *Atlantic Mut. Ins. Co.* v. *McFadden, supra* at 92. The result in each case rested primarily on the observation that the harm at issue was not caused by the kind of release that an ordinary insured would understand as pollution. By contrast, spilled oil is a classic example of pollution, and a reasonable insured would understand oil leaking into the ground to be a pollutant. The location of an oil spill at a residence, rather than an industrial or manufacturing site, does not automatically alter the classification of spilled oil as a pollutant.

McGregor also argues that to interpret the pollution exclusion to foreclose coverage in this case would "effectively eviscerate[]" his policy because any mishap in his business is likely to include a discharge of oil, soot, or smoke. This overstates the scope of the pollution exclusion. It applies only to harms "arising out of" a discharge of pollutants. Accidents are not excluded from coverage merely because oil or soot is incidentally discharged in the course of an otherwise covered event. Furthermore, not all potential mishaps in McGregor's business will involve oil or other pollutants. As long as an insurance policy provides coverage for some acts, it is not illusory simply because it contains a broad exclusion. See *Bagley* v. *Monticello Ins. Co.*, 430 Mass. 454, 459-460 (1999). Costs associated with spilled oil are no less excluded by pollution exclusions merely because the insured regularly works with oil as part of his or-

---

[3]McGregor also argues that his work was so separated by the passage of time, and that the nature of his work was so far removed from the circumstances of the leak, that he could not reasonably be expected to know that the policy would not cover the resulting suit. This argument primarily concerns the cause and foreseeability of the oil leak, issues that we need not address to determine whether the Staeckers' claims fall within the pollution exclusion.

dinary business activities. That the pollution exclusion limits the value of the policy is no reason to depart from the plain meaning of that exclusion.[4]

We reverse the order granting McGregor's motion for summary judgment and remand the case for the entry of summary judgment for Allamerica.

*So ordered.*

---

[4]McGregor's complaint also included a claim that Allamerica's failure to provide coverage is an unfair and deceptive settlement practice under G. L. c. 176D, § 3 (9). It is not clear how the Superior Court judge decided this claim. However, given our conclusion that the Staeckers' claims are excluded from coverage, we need not address it.