Curran, Dennis J., J.

Introduction

Vincent P. Cila, a state trooper, died from a motorcycle accident when Nathan Durawa negligently stopped or slowed down at the merger point of Routes 90 and 93. Cila was forced to take evasive action to avoid rear-ending the Durawa car, but collided with the guardrail, severing his arm and causing him to bleed to death.
Durawa was driving his wife’s 2004 Ford Expedition which had an automobile policy limit of $20,000 with Arbella; he also owned a 1999 Ford Ranger which had a 20,000 policy limit. Both vehicles were listed on one insurance policy, no.: 4HB880149.
Arbella’s position is that only $20,000 in coverage is available and has tendered that amount. Cila’s widow seeks the limit on both policies, for a total of $40,000.
Arbella has moved for summary judgment; Cila has cross-moved.

DISCUSSION

Arbella argues that Cila seeks to stack the two policies of the Ford Expedition and Ford Ranger, an impermissible practice under the Standard Massachusetts Automobile Insurance Policy (Seventh Edition, p. 14). Those terms provide that only the limits “for the auto involved in that accident” apply. Cila, however, posits that because Nathan Durawa is listed as an operator for both the Fords, this permits the limits to be added together. This interpretation is inconsistent with Part 15:
Two or more autos may be insured under this policy. There may been different limits for each auto. If so, when someone is injured . . . using any auto other than your auto at the time of the accident the most we will pay under any applicable Part is the highest limit shown for that Part for any one auto on your Coverage Selections Page. (Emphasis added.)
These policy excerpts present clear and unambiguous language which ought to be interpreted in a usual and ordinary fashion. McGregor v. Allamerica Insurance Company, 449 Mass. 400 (2007).
However, the plaintiff relies upon Part 5 of the Standard Auto Policy which reads:
If someone covered under this Part is using an auto he or she does not own at the time of the accident, the owner’s auto insurance must pay its limits before we pay. Then we will pay for any damages not paid by insurance, up to the policy limits shown on your Coverage Selections Page.
Plaintiff asserts that this language provides coverage when a driver is operating a vehicle he does not own where the insurer will provide coverage. Obviously, the above two policy excerpts conflict. Under Bilodeau v. Lumbermen’s Insurance Policy, 449 Mass. 400 (2007), the ambiguity is not automatically construed against the insurer, because the policy provisions are dictated and controlled by the Massachusetts Division of Insurance. Under the circumstances, the legal and policy dictates control. This case, pure and simple, is an effort to stack coverages. No matter how compelling and poignant the Cila family loss, that is the issue. And the battle over “stacking” was lost two decades ago. No matter how well or persuasively plaintiffs able and well-respected counsel tries to cast the issue, that is the crux of it. The attempt to revive *354 the stacking issue may be visited by another forum, but I cannot do so.
The events of July 22, 2005 were catastrophic for the Cila family; their effect heart-rending. These facts, however, cannot be disturbed by the reality that Nathan Durawa bought a cheap insurance policy, thereby inflicting the deepest sorrow and profound financial loss upon the Cila family.

ORDER

The defendant Arbella Mutual Insurance Company’s motion for summary judgment is ALLOWED; the plaintiff Cheryl Cila’s cross-motion is DENIED. Judgment shall enter forthwith for the Arbella Mutual Insurance Company.