THOMPSON, Circuit Judge,
dissenting.
The insurers’ interpretation of the phrase “care, custody or control,” which the majority has adopted, is certainly rational. However, I am not persuaded that the policy language indisputably supports this interpretation. In my view, the interpretation offered by the defendants is equally (if not more so) rational. Because I think my colleagues got it wrong when they disregarded the defendants’ interpretation — rendering erroneous their conclusion that there is no insurance coverage — I dissent.
I.
Under Massachusetts law, ambiguity exists when the language in an insurance policy “is susceptible to more than one rational interpretation.” Brazas Sporting Arms, Inc. v. Am. Empire Surplus Lines Ins. Co., 220 F.3d 1, 4-5 (1st Cir.2000). I discern such an ambiguity here.[7] As I said, the insurers’ interpretation of “care, custody or control” is sound. There is a cogent argument that “care, custody or control” is not a term of art outside the property context and therefore the phrase should be treated as purely disjunctive with an ordinary meaning applied to the word “care.” However, defendants’ position is likewise logical. A compelling argument can be made that “care, custody or control” is an insurance industry term of art, in both the context of property and persons, which requires physical dominion or control. And in fact, I am surprised at how readily the majority disregarded this reasoned argument. Since the majority has adopted the insurers’ position and set forth its reasons for doing so, I will not rehash this point. Let me focus on why the defendants’ interpretation is rational.
*107 II.
In the property context, courts have consistently read the expression “care, custody or control” to denote physical dominion or control. See, e.g., Acadia Ins. Co. v. Peerless Ins. Co., 679 F.Supp.2d 229, 241 (D.Mass.2010) (applying New Hampshire law); Factory Mut. Ins. Co. v. Liberty Mut. Ins. Co., 518 F.Supp.2d 803, 810 (W.D.Va.2007). The treatises cited by the defendants and considered by the majority reflect this. See, e.g., 9 Couch on Insurance § 126:22; 57 Massachusetts Practice: Construction Law § 8.29 (2009-2010). This was the district court’s reading as well, and further seems to be a proposition accepted by the insurers. Nonetheless (though it does not cite to any case law or treatises in support) the majority does not accept that this phrase has such a set meaning in the property framework. I do not think I need to spend much time on this proposition. It seems beyond dispute that the expression “care, custody or control” routinely (if not always) signals physical dominion or control when pertaining to property. That being said, the question is whether the defendants’ contention that this meaning should be extended to persons holds water.
The majority says it does not, dismissing the Massachusetts cases that defendants cite to as inapplicable because they only address “care, custody or control” of property or because, with respect to the one case that involved “care, custody or control” of a person, custody was not disputed. However, I take something different from these cases. In particular, this case law demonstrates that in the instances where Massachusetts courts have applied an exclusion that required “care, custody or control,” the insured actually exercised physical dominion or control over a person or property. See Jefferson Ins. Co. of N.Y. v. City of Holyoke, 23 Mass.App.Ct. 472, 503 N.E.2d 474, 477 (1987) (woman who committed suicide was in the custody of insured police department); Rogala v. Farm Family Cas. Ins. Co., No. 0700049, 2009 WL 2231161 (Mass.Super.Ct. Mar. 23, 2009) (damaged truck was possessed and controlled by the insured business owner); Commerce Ins. Co. v. Empire Fire & Marine Ins. Co., No. 04-00825, 2006 WL 2439991 (Mass.Super.Ct. Aug. 9, 2006), aff'd, 71 Mass.App.Ct. 164, 879 N.E.2d 1272 (2008) (damaged rental cars were in the possession of insured renters/drivers); Murray v. Noone, No. 9241, 1994 Mass. App.Div. 24, 1994 WL 69565 (Mass.Dist.Ct. Feb. 24, 1994) (damaged vehicle was physically controlled by insured driver). Notably, of all the cases cited by the majority where an abuse or molestation exclusion served to bar coverage, just one involved a situation where “care” alone was provided. See McAuliffe v. Northern Ins. Co. of N.Y., 69 F.3d 277 (8th Cir.1995) (exclusion applied where priest abused a parishioner that was under his care). All the others involved scenarios where some type of custody or control was exerted over the victim.
Further endorsement for defendants’ standpoint is found in the fact that Massachusetts courts accept the canon of construction that technical terms and words of art are given their technical meaning when used within their technical field. See Davis v. Dawson, Inc., 15 F.Supp.2d 64, 109 (D.Mass.1998); City of Springfield v. Dep’t of Telecomm. & Cable, 457 Mass. 562, 931 N.E.2d 942, 947 (2010); W. Alliance Ins. Co. v. Gill, 426 Mass. 115, 686 N.E.2d 997, 999 (1997); Atlantic Mut. Ins. Co. v. McFadden, 413 Mass. 90, 595 N.E.2d 762, 764 (1992). Moreover, the courts have applied this canon to the interpretation of insurance policy exclusions. See W. Alliance Ins. Co., 686 N.E.2d at 999; Atlantic Mut. Ins. Co., 595 N.E.2d at 764. Nonetheless the majority dismisses *108 this canon’s applicability. I am not persuaded by their reasoning.
First, the majority distinguishes the various Massachusetts cases that apply the canon because they either involve a different technical field, see W. Alliance Ins. Co., 686 N.E.2d at 999 (involving environmental law); Atlantic Mut. Ins. Co., 595 N.E.2d at 764 (same), or a specialized contract governed by regulations, see City of Springfield, 931 N.E.2d at 947 (involving a cable television service provider license). This seems beside the point to me. It does not matter that we are dealing with a different technical field; these cases still have bearing on our analysis as they are examples of Massachusetts courts applying a technical meaning to a term of art contained in an insurance policy or contract. Second, the majority emphasizes the district court’s finding that “care” of an object is necessarily different than the type of “care” provided to a recipient of medical or therapeutic services. I do not disagree, but it seems the majority and I are of two minds on the significance of this point. The defendants’ position is that “care” should not be read alone but as part of the phrase “care, custody or control” — an insurance industry term of art. As I have likely made clear at this point; this makes sense.
What is more, this ordinary meaning reading of “care” advocated by the majority is not ironclad. “Words in an agreement are given their ordinary and usual sense ‘unless it appears that [the words] are to be given a peculiar or technical meaning.’ ” City of Springfield, 931 N.E.2d at 947 (quoting Davis, 15 F.Supp.2d at 109). And insurance policy language is interpreted based on both the common and the technical understanding of the words. See id. at 947 (citing Lodge Corp. v. Assurance Co. of Am., 56 Mass.App.Ct. 195, 775 N.E.2d 1250, 1252 (2002)). One could certainly see how this interplay between common and technical understandings would lend itself to the formulation of two (not one) rational readings of the verbiage “care, custody or control.”
As for the majority’s slant that the word “care” must be given meaning and effect separate from “custody” and “control”; such a reading is certainly consistent with canons of construction. Nonetheless, crediting the rationality of the defendants’ position, which I have, this canon is inapplicable since the phrase “care, custody or control” needs to be read as a whole and treated as a term of art. Furthermore, the corresponding position taken by the majority that the word “or” should be treated as disjunctive “unless the context and the main purpose of all the words demands otherwise,” Miller v. Miller, 448 Mass. 320, 861 N.E.2d 393, 401 (2007) (quotation marks and citation omitted), is equally supportive of the defendants’ and the insurers’ position. Defendants say context demands otherwise; insurers say the opposite. The majority has disregarded defendants’ position as without merit and again, on this point, we part ways.
The majority also made quick time with the defendants’ argument that the Exclusions must be read in conjunction with the other policy provisions that used the phrase “care, custody or control” but I think the argument is compelling. Courts must construe an insurance contract as a whole. See Am. Home Assurance Co. v. Fore River Dock & Dredge, Inc., 321 F.Supp.2d 209, 216 (D.Mass.2004); Hakim v. Mass. Insurers’ Insolvency Fund, 424 Mass. 275, 675 N.E.2d 1161, 1166 n. 11 (1997). In this case, each of the policies at issue contained the expression “care, custody or control” at least a dozen times. With the exception of the various abuse and molestation provisions (and one provision regarding dogs), the phrase was used *109 exclusively in the context of property. And as noted, the insurers appear to concede that “care, custody or control” has a certain meaning in the property context. Applying this meaning throughout the policies is consistent with Massachusetts law that contracts be read as a whole. See Am. Home Assurance Co., 321 F.Supp.2d at 216; Hakim, 675 N.E.2d at 1166 n. 11.
Finally, I agree with the defendants that the insurers’ tack — now the majority’s holding — defeats the reasonable expectation of an insured. When construing insurance polices, Massachusetts courts “consider what an objectively reasonable insured, reading the relevant policy language, would expect to be covered.” McGregor v. Allamerica Ins. Co., 449 Mass. 400, 868 N.E.2d 1225, 1227 (2007). It seems to me that a reasonable insured would expect to be covered in precisely the facts at hand. By nature of the services it offers, the Carson Center undoubtedly provides service and treatment to those who are suffering physical and sexual abuse. A reasonable insured would expect that errors that occur during the assistance and treatment of these persons— including the negligent failure to recognize the signs of abuse — would be fully covered by professional liability insurance. In this final respect, defendants’ interpretation of the phrase “care, custody or control” is once again solid.
III.
This brings me to the end result. Where there are two rational interpretations of policy language, the insured is entitled to the benefit of the one that is more favorable to it. See Makrigiannis v. Nintendo of Am., Inc., 442 Mass. 675, 815 N.E.2d 1066, 1071 (2004) (citing Trs. of Tufts Univ. v. Commercial Union Ins. Co., 415 Mass. 844, 616 N.E.2d 68, 72 (1993)). Furthermore, “[c]onsistent with the Massachusetts general rule favoring insureds in policy interpretation,” ambiguities in policy language are strictly construed against the insurer. Brazas Sporting Arms, Inc., 220 F.3d at 4. And finally, “[e]xclusionary clauses must be strictly construed against the insurer so as not to defeat any intended coverage or diminish the protection purchased by the insured.” City Fuel Corp. v. Nat’l Fire Ins. Co. of Hartford, 446 Mass. 638, 846 N.E.2d 775, 777 (2006).
These canons of construction point in only one direction. Faced with two rational interpretations of an exclusionary clause, we must strictly construe the Exclusion against the insurers, applying the interpretation of “care, custody or control” that is most beneficial to the defendants (i.e., the phrase requires physical dominion or control). Because neither Field nor the Carson Center exercised any such dominion or control over the child at the time the abuse took place, the Exclusion does not apply and coverage for the claims asserted exists. I therefore dissent.

. The majority cites to a string of cases for the proposition that abuse and molestation exclusions are generally found to be unambiguous. I do not find these cases particularly helpful. Two of the cases dealt with exclusions that did not contain the critical language. See Insights Trading Grp., LLC v. Fed. Ins. Co., Civil Action No. RDB-10-340, 2010 WL 2696750 (D.Md. July 6, 2010); Lincoln Cnty. Sch. Dist. v. Doe, 749 So.2d 943 (Miss.1999). While the remaining cases did involve exclusions containing the "care, custody or control" requirement, the courts (with the exception of one, discussed below) did not specifically consider the phrase. Further, whether there was care, custody or control was not an issue because the abuse took place on the insured's premises. See Nautilus Ins. Co. v. Our Camp Inc., 136 Fed.Appx. 134 (10th Cir. 2005) (abuse occurred at the insured summer camp); Erie Ins. Exch. v. First United Methodist Church, 690 F.Supp.2d 410 (W.D.N.C.2010) (abuse occurred at insured preschool); TIG Ins. Co. v. Smart Sch., 401 F.Supp.2d 1334 (S.D.Fla.2005) (abuse occurred at insured school); TIG Ins. Co. v. Martin, No. CV 00-5766, 2003 WL 25796732 (E.D.N.Y. Feb. 28, 2003) (abuse occurred at insured's baseball camp); Sarah G. v. Me. Bonding & Cas. Co., 866 A.2d 835 (Me.2005) (abuse occurred at insured motel); Cmty. Action for Greater Middlesex Cnty., Inc. v. Am. Alliance Ins. Co., 254 Conn. 387, 757 A.2d 1074 (2000) (abuse occurred at insured’s preschool program).
The only case that did involve consideration of the verbiage "care, custody or control” was Children's Aid Soc’y of Montgomery Cnty. v. Great Am. Ins. Co., Civ. A. No. 91-7778, 1995 WL 251374 (E.D.Pa. Apr. 28, 1995). The court there found no ambiguity in the exclusion (though its ambiguity analysis actually focused on the term "damages”) and its reading of "care, custody or control” was consistent with the majority here. Id. at *3-5. I disagree with the first premise but do not quibble with the second. However, I do not think the majority’s reading is the only rational one.